Lee *v.* Dill.

---

CORNELIA LEE *vs.* ROBERT L. DILL and others.

Representatives of a deceased person are real or personal; the former being the heirs at law, and the latter, ordinarily, the executors or administrators. The term "representative" includes both classes.

There is no reason in the language of section 399 of the code as amended in 1860, the grounds of the exception therein, or the situation and condition of parties, authorizing a distinction between the different classes of representatives of a deceased person, in construing, applying and carrying into effect the provision of law contained in that section.

Accordingly *held,* that upon an issue at law between the heir at law and the devisee, of a decedent, as to the due execution of a will by the decedent, and as to his competency to execute the same; the question being between those two claimants, which is the best entitled to the property, the one by descent, or the other by purchase; the devisee is not a competent witness to testify to transactions between the testator and himself, tending to establish the will.(*a*)   BACON, J. dissented.

(*a*) See *Spalding* v. *Hallenbeck,* (ante, p. 79,) *contra.*

UPON an appeal from a decree of the surrogate of Onondaga county admitting the will of Samuel Dill to probate, as a will of real and personal property, the order and decree was reversed and issues ordered to be be tried at a° circuit court in Onondaga county. The issues came on to be tried before BACON, justice, in May, 1861, and evidence was given by the contestants respectively, touching the questions submitted to the jury; to wit, whether the testator, at the time of the execution of the will, understood its contents and effect; and 2dly, whether the will was proved to have been executed by fraud or undue influence practiced by Robert L. Dill. The testator was over ninety years of age, blind, somewhat deaf, and in impaired health, and lived in the same house with his son, Robert L. Dill, who had charge of his business and property. The testator left him surviving but his children, the appellant Cornelia A. Lee and the respondent Robert L. Dill. Evidence was given tending to show the intent of the testator to make them equal in the distribution of his estate, which evidence was sought to be met by proof that the testator upon hearing what R. L. Dill alleged to be true, but which was denied, that his daughter Mrs. Lee had been equally interested with her brother, R. L. Dill, in an adventure that had proved disastrous, and in the closing up of which about $9000 had been paid by the testator and charged to R. L. Dill as a part of his portion, had determined to deduct one half of this amount from the portion of Mrs. Lee. The evidence of this consisted mainly of declarations of the testator as proved upon the trial. The evidence was that the division of the estate between the two children was very unequal in amount and value, and in addition to the inequality of value the share or portion of Mrs. Lee was put in the hands of R. L. Dill as trustee, and so limited as greatly to detract from its value to Mrs. Lee, and directly and indirectly to enure to the benefit of R. L. Dill. Robert L. Dill was offered as a witness, and objected to as incompetent, and the objection over-

ruled, and he was sworn and examined as a witness. In the course of his examination he was permitted to testify, under objection made by the appellant, to conversations with the 'testator material and relevant to the issues, and tending to establish the will. The jury answered both questions submitted to them in favor of the respondents, and the judge before whom the issues were tried allowed a motion for a new trial. From that order Mrs. Lee appealed, and asked for a new trial, upon a case containing exceptions to the rulings and decisions and to the charge of the circuit judge.

*D. Pratt,* for the appellant.

*A. J. Parker,* for the respondent.

ALLEN, J. There can be no doubt that the division of the estate in controversy by the will propounded for probate is grossly unequal. Mrs. Lee will be greatly the gainer by securing a division according to the laws of descent and distribution, while the respondent Dill will be to the same amount benefited, pecuniarily, by establishing the will. It is in effect a contest for the property of the decedent; the appellant claiming as heir at law and next of kin, and the respondent as legatee and devisee. The former claims by descent, and the latter by purchase. The appellant succeeds as heir at law and next of kin, unless the respondent can show a better title from the deceased, either by grant or devise; and in either case it is in hostility to the survivor by representation to the last owner, and depends for its validity upon the act of such owner in his lifetime. By the will the respondent seeks to overthrow the title of the heirs at law, and by the alleged testamentary act of the ancestor to divest them of the estate which would otherwise have descended to and vested in them, and transfer the same to the devisees and legatees named in the will. The respondent, in propounding the will for probate, asserts his claims under it

and tenders an issue upon his title, and the appellant is a necessary party to the proceeding, and can only assert her title as heir at law and next of kin by contesting the probate. And the question in substance and effect is between these two claimants, whether the one or the other is best entitled, the one by descent or the other by purchase.

At common law Dill would not have been a competent witness upon the trial of the issues. His relation to the controversy, as a party, would have excluded him, aside from his pecuniary interest in the result, and his interest as devisee would have rendered him incompetent if he had not been a party to the record. The questions made upon his examination depend upon the construction of section 399 of the code as amended in 1860. By that section he was a competent witness in his own behalf. But while he was made competent as a witness he was subject to the general exception of the section, as it then stood, that a party should not be examined against parties who were representatives of a deceased person, in respect to any transaction had personally between the deceased person and the witness. The objection to his competency was therefore properly overruled. But he was permitted to testify notwithstanding the objection and exception of the appellant, to transactions and circumstances had personally between the deceased and himself. It was an indirect inquiry whether the will was that of the alleged testator or of the beneficiary Robert L. Dill; and the circumstances under which it was prepared and executed were suspicious.

Without referring in detail to the circumstances which made the evidence objected to relevant and necessary on the part of Dill, it is sufficient to say that it was regarded by him and was in truth important for him to prove that the will was prepared from and in accordance with directions and instructions proceeding from the testator. Without such evidence it is not probable that a verdict could have been obtained affirming the will as the will of the deceased.

The title of the claimant (Dill) was under the will, and all the negotiations and preparations, and all the circumstances between him and his father, leading to and resulting in the will, were parts of the *res gestœ*, and entered into and made a part of the principal transaction by which Mrs. Lee was to be deprived of her rights as heir at law and next of kin. And it follows that every part of this transaction, and every material circumstance, must be proved by competent testimony. The party was allowed to testify that his father knew the contents of the will, and to follow it up by proof of what took place between himself and his father in personal interviews between them touching the will and preparatory to its being drawn, and that in such interviews the deceased told the witness how he should make it, and that he should make it as it was afterwards made ; and that the provisions concerning Mrs. Lee originated with and were urged by the testator against the wishes and requests of the witness.

If Mrs. Lee in this contest was the representative of her deceased father, the admission of this evidence from the party to the proceeding, in his own behalf, was erroneous. Words and phrases, in statutes, must be deemed to have been used in their usual and popular sense, unless it appears from the context or otherwise that they have been used in a technical or restricted sense. A representative is one that stands in the place of another, as heir, or in the right of succeeding to an estate of inheritance ; one who takes by representation. (*Webst. Dic.*) One who occupies another's place and succeeds to his rights and liabilities. Executors and administrators represent, in all matters in which the personal estate is concerned, the person of the testator or intestate, as the heir does that of his ancestor. (*Burrill's Law Dict.* 2 *Steph. Com.* 428.) Representatives of a deceased person are real or personal ; the former being the heirs at law, and the latter, ordinarily, the executors or administrators. The term

Lee *v.* Dill.

representative includes both classes. When the personal representatives alone are intended in a statute they are so named, and there is no intimation of an intent to limit the protection and benefit of this exception to the personal representatives. The "real representatives" are as much within the reason of the rule as the personal representatives, and there is as much reason for protecting the one class as the other.

As to the personalty, executors and administrators, although the usual are not the sole representatives of a deceased party. The next of kin, when they succeed to the personalty, whether through the intervention of the executors or administrators or in any other way, become the representatives *quoad* the effects distributed, and are within the protection of the statute. Other statutes recognize and provide for next of kin under the general term of "representatives," (3 *R. S. 5th ed.* 183,) and in wills and settlements the term representatives, and legal representatives, are frequently held to mean heirs and next of kin, and not executors or administrators. (*Barns* v. *Otley,* 1 *M. & K.* 465. *Robinson* v. *Smith,* 6 *Sumner* 47. *Walter* v. *Meeker, Id.* 148. *Colton* v. *Colton,* 2 *Beav.* 67. *Long* v. *Blackall,* 3 *Vesey,* 486.) The case of *McCray* v. *McCray,* (12 *Ab.* 1,) is cited as holding a contrary doctrine, and as excluding this case from the exception in the statute making parties to proceedings in surrogates' courts witnesses in their own behalf. That was decided by a divided court, was a case of peculiar hardship, (*see S. C.* 30 *Barb.* 633,) and the learned judge by whom the prevailing opinion was delivered did not, evidently, give the case that careful consideration which he is accustomed to bestow, and which deservedly entitle his opinions to great weight. I am quite certain that upon a reconsideration he will be of the opinion that there is no reason in the language of the act, the reasons for the exception or the situation and condition of parties, authorizing a distinction between the different classes of represent-

atives of a deceased person in construing, applying and carrying into effect this provision of law.

I am satisfied it was that error to admit the evidence. The verdict must be set aside, and a new trial granted.

MULLIN and MORGAN, Justices, concurred.

BACON, J. dissented.

New trial granted.

[ONONDAGA GENERAL TERM, April 7, 1863. *Allen, Mullin, Morgan* and *Bacon*, Justices.]