## HARD *vs.* SEELEY.

In a contract for the sale of the art and mystery of compounding and manu-
facturing an article of medicine, and the exclusive right to make, use and
vend the same, the vendor covenanted not to impart the art to any other
person, and not to make or vend the article himself; in consideration whereof
the vendee covenanted to pay a certain sum of money in installments, at
specified times. *Held* that the covenants were *independent*, and that the
vendor need not allege performance of the contract, on his part, in order to
recover the money due.

*Held, also,* that it was not necessary for the vendor to allege that there was in
fact such an art or secret as was mentioned in the contract; or that it was in
his exclusive possession.

It is sufficient, in such a case, to set forth a copy of the contract, under section
152 of the Code, and allege that there is due thereon, from the adverse party,
a specified sum which the plaintiff claims.

Such a contract is *valid,* and does not fall under the rule prohibiting a general
restraint of trade.

A provision, in such a contract, that the vendee may use the name of the
vendor, on the labels accompanying the article, for the purposes of trade,
does not necessarily imply a fraud upon the public, nor avoid the contract.

A provision that if one party shall fail to fulfill his covenants, the contract shall
be null and void, is to be construed as giving to the other party his *option,* in
such event, whether to consider it void, or to affirm it and recover the con-
sideration therein expressed. The party in fault can not repudiate the con-
tract on that ground, and thus take advantage of his own wrong.

DEMURRER to complaint. The complaint alleged that
on or about the 18th day of February, 1859, one Homer
Anderson made and entered into an agreement with the
defendant, in the words and figures following, to wit : " Mem-
orandum of an agreement made and entered into this 18th
day of February, 1859, between Homer Anderson, of New
Lisbon, county of Otsego, state of New York, of the first
part, and Silas S. Seeley, of Morris, county and state afore-
said, of the second part, witnesseth : That the said party of
the first part, in consideration of the covenants and agree-
ments hereinafter mentioned, to be kept and performed
by the party of the second part, hereby sells, assigns and
transfers the art and mystery of compounding and manufac-
turing the article of medicine known by the name of Der-

mador, together with the sole and exclusive right to make use and vend the same, to have and to hold the same to him, his heirs and assigns forever. And the party of the first part agrees, to and with the party of the second part, that he will not directly nor indirectly, at any time or in any manner, impart or communicate the art or mystery, or manner of making or compounding said article of medicine to any person or persons whatever, and that he will not make or manufacture the same himself, nor cause it to be made by any person or persons, nor vend by himself, or make or vend by himself or by any other person or persons, any of said Dermador, nor any other article compounded with the same ingredients by any other name.. And the said party of the first part hereby vests in the said party of the second part, his heirs, executors, administrators and assigns, the exclusive right to make, use and vend said article of medicine, and also hereby sells to said party of the second part, the right to instruct any person or persons in the secret and art of compounding the same, and to sell the right to make, use and vend the same. The party of the first part also agrees to and consents that the party of the second part shall and may at all times hereafter use the name of the party of the first part, to be placed on the labels accompanying the Dermador, as heretofore used. In consideration therefor, said party of the second part agrees to pay said party of the first part, his heirs, executors, administrators or assigns, the sum of $1000, in manner following : One hundred dollars on the 24th day of May, 1862, and one hundred dollars on the 24th day of May in each year thereafter till the said sum of $1000 is paid. And it is further agreed that if the party of the second part fails to fulfill the agreement herein contained, then this contract to be null and void. It is further understood that in case said party of the first part shall at any time impart the said art or mystery to any person or persons in the manner of compounding the same, then all payments mentioned in this contract to be made shall cease, and the

said party of the second part is released from making the same, and in addition thereto, said party of the first part shall pay the said party of the second part $5000 stipulated damages. In witness whereof, said parties have hereunto set their hands and seals, the day and year first above mentioned.        HOMER ANDERSON. [L. S.]
                                   SILAS S. SEELEY.   [L. S.]

That after the making and delivering of said agreement, the said defendant immediately commenced, and has ever since continued, to compound and manufacture the said article of medicine known by the name of Dermador, and to vend the same, and thereby the defendant made large gains and profits. That before the commencement of this action, the said Homer Anderson duly sold and assigned the said agreement and claim against the above named defendant to one Charles W. Fox. That said Charles W. Fox subsequently, on or about the 16th day of August, 1860, for value received, duly sold and assigned the same to the above named plaintiff, who is now, and was at the commencement of this action, the lawful owner and holder thereof. That by the terms of said agreement there is justly due from the said defendant the sum of $200, with interest on $100 from May 24, 1862, and on $100 from May 24, 1863. That the said defendant has neglected and refused to pay the sum, and still neglects and resuses so to do. Wherefore the plaintiff demanded judgment for said $200 and interest, besides costs.

The defendant demurred to the complaint, assigning the following grounds therefor: 1. The complaint does not state facts sufficient to constitute a cause of action. 2. By the terms of the contract, if the defendant failed to fulfill the agreements therein contained, on his part, as it is alleged he has, then the said contract was to be null and void. 3. The contract is also void as against public policy, and in restraint of trade. 4. The contract is also void, as containing an agreement to "use the name of the party of the first part

to be placed on labels accompanying the Dermador," to defraud and deceive the public. 5. It does not appear from the complaint that there was in fact any secret, or art or mystery of compounding or manufacturing the article of medicine known as Dermador. 6. It does not appear that the conditions contained in the contract have been performed, on the part of the party of the first part.

The special term sustained the demurrer, on the last two grounds assigned, and ordered judgment for the defendant, with leave to the plaintiff to amend his complaint within twenty days, on payment of costs of the demurrer. The plaintiff appealed from this order, to the general term.

*L. J. Burditt,* for the appellant.

*Sturyes & Countryman,* for the respondent.

*By the Court,* PARKER, P. J. It seems to me that the covenant of the defendant to pay, (the breach of which is the ground of this action,) is not dependent upon the fulfillment, by the plaintiff's assignor, of the covenants to be performed on his part, but that the covenants of the parties are mutual and independent. The consideration of the defendant's promise to pay, is: 1st. The sale and transfer to him of the art and mystery of compounding and manufacturing the article of medicine known by the name of "Dermador," and the sole and exclusive right to make, use and vend the same. 2d. The covenant of the vendor, not to communicate the art to any other person, and not to make or vend the article himself. Now, so far as the executory covenant of the vendor is concerned, it is perpetual, that he will never either communicate the art to another, or make or vend the article himself; but the defendant's covenant is to pay $1000, in yearly installments, beginning on the 24th day of May, 1862. The vendor's right to the money, therefore, can not depend upon his fulfilling his covenant, for it can never be

fulfilled, except by his continued abstinence from imparting the receipt for the medicine, and from making and vending it during his whole life; and yet the payment is to be absolutely made, at a time specified. It was said by Lord Kenyon, in *Campbell* v. *Jones*, (6 *Term R.* 570,) quoting from Holt, Ch. J. in 1 *Salk.* 113: "When there are mutual promises, yet if one thing be the consideration of the other, then a performance is necessary to be averred, *unless a day is appointed for performance*. If a day be appointed for the payment of money, and the day is to happen before the thing can be performed, an action may be brought for the payment of the money before the thing be done." And it is laid down as a rule in 1 *Saund.* 320, *note a*, that if a day be appointed for the payment of money, or part of it, or the doing of any other act, and the day is to happen or may happen before the thing which is the consideration of the money or other act, an action may be brought for the money, or for not doing such other act, *before* performance of the consideration—which rule is approved in *Tompkins* v. *Elliot*, (5 *Wend.* 497,) and *Grant* v. *Johnson*, (1 *Seld.* 253.) The case at bar is within this rule, and it was not necessary to allege in the complaint that the plaintiff had performed his covenants.

It is insisted that the complaint is bad, for the reason that it does not allege that the mode of compounding and manufacturing the medicine called Dermador, was a secret with Anderson. The point of this objection I understand to be, that it does not appear by the complaint, in the absence of such allegation, that there was any valuable consideration for the covenant of the defendant. I am inclined to think that this objection is not well taken. The allegation is that Anderson sold and transferred to the defendant the art and mystery, &c. and the exclusive right to make and vend the article. It was not, I think, indispensable that it should have been averred that there was such an art and mystery, and that it was known to Anderson and not to the defend-

Hard *v.* Seeley.

ant, and that Anderson had the exclusive right to use it—in other words, that he had this property to sell. This is sufficiently implied, I think, in the allegation of the sale. If instead of this art and mystery, the sale had been of a horse, for which the defendant had promised to pay, it would scarcely be insisted that it would be necessary to aver that Anderson had the horse, or was its owner ; but the averment that in consideration that he then sold and transferred to the defendant a horse, the defendant promised to pay him therefor the sum of $100, would be sufficient, without an averment that Anderson had or owned the horse. (2 *Chit. Pl.* 55, *note s,* 7th *Am. ed.*) I think the averment that he had the secret of making this compound equally unnecessary.

Moreover, this complaint is drawn under section 152 of the Code, which makes it sufficient, unless the action is on an instrument for the payment of money only, for a party to give a copy of the instrument, and to state that there is due to him thereon from the adverse party a specified sum which he claims. It was not necessary to set forth the legal effect of the contract, but if the contract itself, when put in evidence on the trial, together with proof of its transfer to the plaintiff, would make a *prima facie* case for the plaintiff, the pleading is sufficient. (*Prindle* v. *Caruthers,* 15 *N. Y. Rep.* 431.) It seems to me quite clear that it would not be necessary for the plaintiff, in addition to proof of the contract, to prove that he had such a secret as that spoken of in the contract. It would be matter of defense if he had not, as failure of consideration. The case of *Alcock* v. *Giberton,* (5 *Duer,* 76,) cited as authority that it was necessary to allege that the art and mystery sold was a secret with Anderson, was not an authority to that effect. There is an incidental remark in the opinion of the judge at special term, that the want of an allegation of that nature was understood to have been the ground of an allowance of a demurrer to the original complaint, but we have no report of that case,

and no sufficient statement to make it 'a guide for any subsequent case.

Again, it is said that the contract is void as against public policy, being in restraint of trade. The principles upon which certain agreements in restraint of trade are held void, do not apply to such a case as this. It was held in *Jarvis* v. *Peck*, (10 *Paige*, 118,) that a person engaged in a particular business, which he is carrying on by means of a secret process which he has discovered, may sell the secret to another, and may lawfully contract with the purchaser, that he will not thereafter use that secret in such business, without the consent of the purchaser, and will not disclose the secret to others. So in *Bryson* v. *Whitbeck*, (1 *Sim. & Stu.* 74,) it was held that although the policy of the law will not permit a general restraint of trade, yet a trader may sell a secret of business, and restrain himself generally from using the secret. The same was held in *Alcock* v. *Giberton*, (5 *Duer*, 76.)

The claim of the defendant, that the contract is void as against him, because he, the defendant, has failed to fulfill, on his part, is an incorrect construction of the following clause in the contract: "And it is further agreed that if the party of the second part fails to fulfill the agreement herein contained, then this contract is to be null and void." That is, if the vendee fails to pay, the vendor may at his option declare the contract null and void. It surely can not be held to mean that the vendee may take and enjoy the fruits of the sale to him for three years and more, and then by failing to perform on his part, make the contract null and void, so that the vendor can not hold him responsible in damages for his breach of the contract. This construction would contravene that fundamental maxim of the law, "no man shall take advantage of his own wrong," and therefore can not be adopted. (*Hyde* v. *Watts*, 12 *Mees. & W.* 254. *Broom's Legal Maxims*, 210, 211.)

Nor is the contract void, because of the agreement that the defendant may use the name of Anderson on the labels

accompanying the Dermador. Such use of the name does not necessarily imply a fraud upon the public as is assumed, and was but the use of a trade mark, which the proprietor of it might, I think, lawfully authorize another to use.

I am of opinion, therefore, upon the whole case, that the complaint is sufficient, and not demurrable, and that the order sustaining the demurrer should be reversed, with costs.

So decided.

[BROOME GENERAL TERM, July 11, 1865. *Parker, Mason* and *Balcom,* Justices.]