STEUBEN COUNTY—HON. GEORGE T. SPENCER.—SURROGATE.—
MARCH, 1876.

## JENNINGS *v.* JONES.

*In the matter of the application of* JANE E. JENNINGS, *et al., administrators of the estate of* HELEN C. JONES, *deceased, for leave to mortgage, lease, or sell her real estate for payment of debts.*

The decedent in her life-time conveyed land in fraud of creditors, to one who was now her heir. A creditor recovered judgment for his demand against the administrators, after a trial on the merits. He also recovered a judgment against the heir, setting aside the fraudulent conveyance, so far as necessary to allow him to proceed for a sale of the lands. The administrators then applied for leave to sell the decedent's land, for payment of debts.

*Held,* 1. That as the application included other lands besides those affected by the fraudulent conveyance, the heir might raise the same objections that he might have raised, had there been no fraudulent conveyance and decree vacating it.

2. Irrespective of there being other lands included, the heir was not precluded from questioning the validity and amount of the debt on which the creditor had proceeded.*

The principle that a judgment against one sued as an individual, is not an estoppel against him in a subsequent action in which he appears in a representative character, applied where in the second action he claimed as heir.†

---

* For the rule as to conclusiveness of judgment against administrator, in an action to set aside decedent's fraudulent conveyance, see *Kent* v. *Kent,* (62 *N. Y.* 560; rev'g 3 *Sup'm. Ct.* (*T. & C.*) 630; *mem.* S. C., 1 *Hun.,* 529.) As to rights of heirs of grantee, under a fraudulent conveyance, see *Cole* v. *Malcolm,* (7 *Hun.,* 31.)

† S. P. *Larrour* v. *Larrour, Ante* p. 69. A judgment in creditor's suit is not a bar to action on grantee's promise to pay debt of debtor. (*Fischer* v. *Hope Mut. Life Ins. Co. of N. Y.,* 40 *Super. Ct.* (*J. & S.*) 291.

A suspension of the running of the statute of limitations is not confined to the causes specified in the statute, but may occur in other cases of the disability of the creditor to prosecute.‡

An heir who, by taking a fraudulent conveyance from his ancestor, in the ancestor's life time, has prevented creditors from proceeding to cause the land to be sold as the decedent's, until after the statute has run against their demands, cannot avail himself of the bar of the statute, to defeat such proceedings taken after they have procured the conveyance to be adjudged void.

THIS was an application by Jane E. Jennings and others, administrators of the estate of Helen C Jones, deceased, for leave to mortgage, lease, or sell her real estate for payment of debts.

For the purpose of establishing a debt of the intestate to William B. Jennings, the administrators introduced the following evidence:—

1. A judgment in the Supreme Court recovered by him against the administrators, after a time upon the merits.

2. A judgment in his favor against Henry S. Jones, the contestant, adjudging said Jennings, a creditor of deceased in his life-time, and that a conveyance made by her to said Henry S. Jones, was fraudulent and void as to her creditors, and as to said Jennings, and setting the same aside so far as it is an obstruction to the collection of such debt, by proceeding to procure the sale of the real estate conveyed for the payment of her debts, and allowing said Jennings to take such measures for the collection of his debt as if such conveyance had not been made and,

‡ Contingent liabilities may be presented to the executor under the statute; but it seems cannot be rejected so as to bar action. &c. (*Hoyt* v. *Bennett*, 50 *N. Y.*, 538; reig 58, *Barb.* 529.)

As to deduction for time when trusteeship was vacant, see *Dunning* v. *Ocean Nat. Bank*. (61 *N. Y.* 497; affi'g 6 *Lans.* 296.)

As to effect of removal of administrator, on limit of time to apply for leave to sell &c., see *Slocum* v. *English*, (2 *Hun.*, 78.)

3. The conveyance by intestate to said Henry S. Jones, of the property sought to be sold in this proceeding, and so adjudged fraudulent and set aside.

A. S. McKay *and* A. S. Kendall, *for the administrators,*

insisted that this evidence, for the purpose of this proceeding conclusively established the existence, validity, and amount of the debt of William B. Jennings, against the intestate, at least as against Henry S. Jones, the party here contesting.

A. Hadden, *for* Mr. Jones, *the contestant,*

conceding that the judgment recovered against the administrators was *prima facie* evidence of the debt, insisted that he was not precluded in this proceeding, either by that judgment, or the adjudication against him, from contesting both the validity and amount of the debt.

The Surrogate.—This application embraces lands owned by intestate at her death, other than those affected by the judgment against contestant. In respect to such other lands, though of small value, the contestant has the same rights as if the judgment against him had not been rendered. He is therefore, permitted to raise any objections to the proceeding, which the heir is allowed to make in any case.

I think furthermore, that the only effect of the judgment against him, is to remove the obstruction to this proceeding caused by the fraudulent conveyance to him by the intestate in his life-time, so as to leave to the creditor the same remedy as if the conveyance had not been made. I can perceive no reason why the remedy thus afforded should not be subject to all the incidents which would otherwise attend it, and the defences which the statute allows to the heir. The judgment

seems to be cautiously framed to have that effect. It is conclusive only on him and the plaintiff therein. This application is made by the administrators, who are no parties to that judgment; though it furnishes them the authority to proceed against the land effected by it. By the adoption of the view here taken, full effect will be given to the provisions of the statute allowing the heir to contest the debts of his ancestor in this proceeding, and no injustice will be done to the creditor.

I am of the opinion also that the judgment against the contestant fails to be conclusive on him for another reason. It was recorded against him, in his individual capacity, in a different character from that in which he appeared here. This proceeding is against him in the representative character of heir. " A judgment against a party, sued as an individual, is not an estoppel in a subsequent action in which he sues or is sued in another capacity, or character. In the latter case, he is in contemplation of law a distinct person and a stranger to the prior proceedings and judgment." (*Rathbone* v. *Hooney*, 58 N. Y. 463, 467. See also *Lee* v. *Dill*, 39 *Barb.* 516; *Havens* v. *Sherman*, 42 *Barb.*, 636.)

The point made on the part of the administrators is a novel one, at least in its application, and is not without argument to support it; but to sustain it, seems to me will present difficulties which cannot be reconciled with the rules of law. The contestant must be permitted to give evidence to reduce or invalidate the debt for which judgment was recovered against the administrators.

———

In the further progress of the hearing, the contestant insisted that the debt in question had become barred by the statute of limitations, although not till after the

commencement of the action in which the judgment was recovered against the administrators.

THE SURROGATE.—This position cannot be sustained. The creditor, before the debt had become barred, instituted his only remedy for its recovery, by first bringing his action against the administrators, and then his further action against the contestant, to remove the obstacle which prevented him from instituting this proceeding, both of which it seems he has prosecuted with diligence and success. A suspension of the running of the statute of limitations is not confined to the cases specified in the statute, but many occur in other cases, of the disability of the creditor to prosecute. (*Hemger* v. *Abbott*, 6 *Wallace*, 532.) The disability of the creditor to institute and prosecute this proceeding, under the circumstances of the case was as complete as if it had been created by the statute, and no laches or fraud can be imputed to him. He could not allege that the intestate died seized of the real estate which is the chief subject of this controversy. There was nothing to give this tribunal jurisdiction over it, till the conveyance by the intestate to the contestant was set aside. The contestant cannot be allowed to take advantage of a delay which he has himself occasioned, and by that means take the advantage of his own wrong. (*Broom's Legal Maxims*, 212; *Haad* v. *Seely*, 47 *Barb.*, 428, 434; *Newton* v. *Porter*, 5 *Lans.* 416, 423.)

---

The debt of William B. Jennings was allowed at the amount for which his judgment was recovered against the administrators, with interest, exclusive of costs; and a sale was ordered.