Rollins, S.
— Section 911 of the Code of Civil Procedure provides that a deposition taken without the state, pursuant to article 2, title 3, chapter 9, may be read in evidence by *262 either party at the trial, subject to such objections to the competency of the witness or of the testimony as might be made if the witness were then under oral examination.
Certain portions of the testimony of Ann E. Blake, whose deposition was lately taken in this proceeding by order of the surrogate, are objected to upon the ground that they concern matters about which the witness is made by section 829 of the Code incompetent to testify.
She is named as legatee in an instrument whose title to probate is still the subject of controversy, and the testimony which is here challenged relates to personal transactions and communications between herself and the decedent. The language of section 829, omitting such portions as are foreign to the present inquiry, is as follows:
“ Upon the hearing upon the merits of a special proceeding, a person interested in the event * * * shall not be examined as a witness in his own behalf or interest * * * against any person deriving his title or interest from, through or under a deceased person concerning a personal transaction or communication between the witness and the deceased person.”
Now, is Mrs. Blake “a person interested in the event” of this probate proceeding, and has she been “ examined in her own interest,” and is the contestant “ a person deriving title or interest from, through or under” this decedent? The first two of these questions it is not difficult to answer. Mrs. Blake is named as a legatee in the very instrument that is sought to be proved by her testimony. If that instrument shall be admitted to probate she will become entitled to her legacy. On the other hand, should Mrs. Voorhis be discovered to have died intestate, Mrs. Blake will take no portion of this estate. It is very clear, therefore, that within the meaning of section 829 the witness is interested in the event of this proceeding, and that when she gave the testimony objected to she was under examination in her own interest. But does this contestant fall within the category of persons deriving title or interest from, through or under the decedent ?
*263 Strictly speaking, it is only by the result of the very probate controversy in which this disputed evidence is offered that it can be ascertained whether the contestant has any title or interest whatever in this estate; but I think that the expression “ deriving title or interest ” should be construed as if it read “ claiming to derive title or interest.” Such an interpretation is quite in harmony with that which the courts have sanctioned in construing other parts of the same section. For example, there is included in the class of- testimony whose introduction the section disallows, testimony “ against executors,” and it has been held that this word “ executors ” is broad enough to embrace persons named as such in a disputed will, even in advance of the admission of such will to probate, and even for the purposes of the trial of the very proceeding brought for obtaining such probate (Schoonmaker agt. Wolford, 20 Hun, 166). The case just cited is applicable to another phase of the present contention, and upon its authority alone I should be inclined to exclude the testimony of Mrs. Blake, so far as it relates to any personal communications and transactions between herself and the decedent (See, also, Snyder agt. Sherman, 23 Hun, 139, and Lee agt. Dill, 39 Barb., 516, and Matter of Smith, 95 N. Y., 516).
The case last cited was a proceeding for the probate of a paper purporting to be a decedent’s will. The instrument named as executor and as principal legatee the person who afterwards became its proponent. Its validity was contested by a legatee under other testamentary papers bearing an earlier date. At the trial before the surrogate the proponent had been permitted to testify in regard to certain personal transactions and communications between himself and the decedent. To this testimony the contestant had objected upon the ground that it fell under the ban of section 829. The overruling of this objection and the reception of the testimony were held by the court of appeals to have been erroneous. Says Andrews, J., pronouncing the opinion of the* court: “ We think the contestant was a person deriving an interest under *264 the deceased within the meaning of this section (/. e., see. 829). It is true the interest was not fixed or certain. If the will propounded for probate is valid she has no interest, and,.if it should be set aside, if does not follow that the will under which she claims will be established. * * * Her interest, though contingent and uncertain, was derived under the deceased. Her position, though not precisely analogous, is similar to that of heirs or next of kin contesting the will of their ancestor, and it can scarcely be doubted that they would be within the protection of the section.”
It is claimed by counsel for certain residuary legatees, at whose instance this witness was examined, that so far as relates to probate controversies section 829 has been repealed or modified by section 2544. The latter section is as follows: “A person is not disqualified or excused from testifying respecting the execution of a will by a provision therein, whether it is beneficial to him or otherwise.” I do not regard these words as conveying any intimation' that .such a person shall not, in the same manner and to the same extent as other persons, be subject to the limitations of section 829.
So far as the deposition of Mrs. Blake relates to personal communications or transactions between herself and the decedent it cannot therefore be received in evidence.