HENRY F. MALL and MAUDE MALL, His Wife, Respondents, v. HARRY B. SLOAN, JOHN MALL, SR., Appellants, and CAROLYN M. LUCKS, Defendant.— Judgments affirmed, with costs, on the authority of *Born* v. *Schrenkeisen* (110 N. Y. 55); *Rollton Syndicate, Inc.*, v. *Widlitz* (219 App. Div. 537); *Morris* v. *Green* (62 id. 460); *Hard* v. *Seeley* (47 Barb. 428), and *Western Union Telegraph Co.* v. *Brown* (253 U. S. 101). All concur, except Crosby, J., who dissents and votes for reversal and for dismissal of the complaint in the following memorandum: No fault is found with the rule that " when a written instrument provides that it shall become void in case of default by one party to perform some covenant therein contained, it becomes void only upon the claim and at the option of the party for whose benefit the covenant was inserted." (*Born* v. *Schrenkeisen*, 110 N. Y. 55.) But when the contract in this case is read as a whole, and not as if it were two separate and independent contracts, it clearly provides, in effect, that defendants had the option either (1) to complete the purchase of the land and thereby secure settlement of a pending lawsuit, or (2) to cancel the contract, by not completing the purchase, on pain of losing the $200 cash payment already made and suffering the lawsuit to take its course. (One judgment is for plaintiffs in an action to compel specific performance of a contract to purchase certain property. The other judgment is for costs.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

LOIS M. CROSS, Respondent, v. OSCAR COHEN, Appellant, and EARL A. SAGE, Defendant.— Judgment and order affirmed, with costs. Memorandum: The evidence warrants the finding by the jury that the appellant was negligent in failing to have his car under control at the fork in view of the fact that the approaching car was clearly visible by its headlights for several hundred feet and at all times thereafter up to the moment of the collision. If, as appellant said, after the accident, he did not see the approaching car, this was a further factor for the jury to consider in determining the question of appellant's negligence in the resulting accident. All concur. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor JJ.