L. Barron Hill, J.
In this action for specific performance of a contract to sell real property, plaintiffs seek summary judgment.
*491 Plaintiffs entered into an agreement to purchase a house owned by defendants. The contract was made conditional upon the plaintiffs obtaining a Federal Housing Administration (F. H. A.) mortgage. Plaintiffs were given 45 days in which to obtain all approvals necessary to obtain the mortgage and were to notify defendants to that effect within said 45 days; upon their failure to give such notice within the prescribed time defendants were given the sole option of canceling the contract and returning the down payment.
Plaintiffs thereupon proceeded to arrange for the mortgage loan and obtained a temporary commitment from a lending institution subject to F. H. A. approval; this was obtained on May 6, 1957, the contract having been signed on April 19, 1957. On May 22, 1957 the F. H. A. sent out a notice advising plaintiffs that its valuator had been unable to gain access to the premises for purpose of inspection and that the application would have to be reopened when arrangements were made to permit an inspection.
The answering affidavit of defendants admit that the defendant wife refused to permit the valuator to inspect the premises when he called for the purpose because of the illness of her children.
Plaintiffs’ attorney attempted by communication, commencing May 27,1957, with defendants ’ attorney to arrange for an inspection. On June 10, 1957 — 7 days after the expiration of the 45-day period — defendants’ attorney advised plaintiffs’ attorney that the premises would be available for inspection at any time. Thereafter an inspection was made and a final bank committment was issued on July 3, 1957.
Although the papers do not reveal the date, it was stated on oral argument that on or about June 10, 1957 defendants returned the down payment with a letter advising that they had elected to cancel the contract since plaintiffs had not complied with the 45-day clause.
In response to questioning from the court on the oral argument, defendants’ attorney stated that the reason for canceling the contract was that defendants had then decided they wanted " out ” of the agreement, that they believed they had a legal right to do so and were asserting a legal right.
The undisputed facts show that defendants materially contributed to the delay encountered by plaintiffs in obtaining the mortgage commitment within the 45-day period. Defendants not only refused permission to the F. H. A. valuator to inspect the premises, but they further delayed — after direct request *492 • — • granting permission until after the 45-day period. On this motion defendants have failed to show in any way — and in fact they have made no attempt to do so — that they have been harmed by the additional delay past the 45-day period.
Where one party insists upon a strict compliance with the time provisions of a contract, it is the usual rule that he himself must have done his part of the agreement on time and must not have contributed to the other party’s delay (Bruson Heights Corp. v. State of New York, 281 App. Div. 371).
The facts are not in dispute in this action. Upon those facts a court of equity is compelled to grant specific performance of the agreement.
Motion granted; settle judgment.