ANN WERNER, Appellant, v. BESSIE THOENS, Respondent.—

Special Term found, and the record clearly substantiates, that in the contract the property was described as the improved plot known as "The Annex." It was not disputed that this appellation referred to a certain parcel owned by the defendant vendor. In purported compliance with the contract, the vendor delivered a full covenant and warranty deed which conveyed lots 959 and 960 as defined on a specified map. Adjoining property, sufficient to satisfy the demand in the complaint, was retained by the vendor. The building, on the conveyed premises, encroaches about 1.75 feet on such retained land of the vendor. The conveyance under this deed created a violation of the local zoning ordinance which requires an eight-foot side yard between the building and the lot line. The contract and deed made the sale and conveyance, respectively, subject to zoning ordinances "not violated by existing structures" and "which do not render the title unmarketable." Hence, it is apparent that the parties intended that sufficient land be included, in the sale of "The Annex," to conform to the zoning ordinance. To

effectuate that intent plaintiff is entitled to the reformation sought (*Hart* v. *Blabey,* 287 N. Y. 257). Nolan, P. J., Beldock, Ughetta, Kleinfeld and Brennan, JJ., concur.