■ In the Matter of the Claim of LENA PIERCE, Appellant, v. ELLIS KELLERT et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. — MEMORANDUM BY THE COURT. Appeal from a decision of the Workmen's Compensation Board, filed May 14, 1969. Lena Pierce was employed since 1962 as a housekeeper by a retired physician, living in his home and having Thursdays and Sundays as her days off. On Thursday, September 29, 1966, the doctor decided to drive from his home in Schenectady to Vermont to visit a bookshop and claimant accepted his invitation to ride along. On returning home, there was an automobile accident, allegedly caused by the doctor's negligence and resulting in injuries to Mrs. Pierce. She had accompanied the doctor previously on several other trips. Two days after the accident, the doctor's insurance agent filed a C-2 form, Employer's Report of Injury. Mrs. Pierce never filed a claim but on October 13, 1966, without an award having been made, the carrier began making payments to her, which continued until February 10, 1967. Two hearings were held before a Referee and, upon her second nonappearance, the case was closed on October 11, 1967 with a finding that accident, notice and causal relation were established. In May, 1967 she engaged an attorney who commenced a negligence action against the doctor and thereafter discontinued it because the board had assumed jurisdiction. Upon Mrs. Pierce's application that the board divest itself of jurisdiction and rescind the findings and award of October 11, 1967, the board found that a final award was made, that claimant accepted same and that the board no longer could divest itself of jurisdiction, the Referee's decision being modified only by rescinding the finding of no further disability and restoring the case to the Referee's calendar for further consideration. The payment of compensation benefits operates to give the board complete jurisdiction of the claim as though a formal claim had been presented by the employee to the employer or to the board (*Meaney* v. *Keating,* 200 Misc. 308, 310–312, affd. 279 App. Div. 1030, affd. 305 N. Y. 660), and the jurisdiction of the board, once established, is exclusive (*Matter of Doca* v. *Federal Stevedoring Co.,* 284 App. Div. 46, 51, affd. 308 N. Y. 44). The record does not reveal any invalidity with regard to the payment of compensation benefits and, accordingly, there is no reason to disturb the board's determination. Decision affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by the court.

■ MICHAEL SAMAL, Respondent, v. JOSEPH A. SANDOW, Appellant.— Order modified, on the law, by striking therefrom the third decretal paragraph, and, as so modified, affirmed, without costs. Plaintiff is entitled to specific performance rather than to damages in lieu thereof. No opinion. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.