◼ KENNETH P. SATTERLY, Appellant, v RUTH PLAISTED, Respondent.— Judgment unanimously reversed, with costs, complaint reinstated, contract ruled valid and matter remitted to Supreme Court, Yates County to take further evidence and for enforcement of the contract and possible abatement of the price in accordance with the following memorandum: In this action by the purchaser for specific performance of a contract by defendant and her deceased mother to convey a 50-acre farm to him, plaintiff appeals from the determination of Trial Term that no contract exists because there was no agreement as to price or as to the boundaries and extent of the land to be conveyed and the contract is subject to there being not less than 150 feet lake frontage, as determined by a survey to be made, and the survey made shows that the frontage is only 142.16 feet. We reach a contrary conclusion. The contract fixed the price as $66,000 and provided, "Terms: $18,000.00 or $20,000.00 down (at the option of seller) with the balance to amortize monthly", etc. The evidence is undisputed that before the contract was signed by either party the words "or $20,000" were stricken out of the original (Exhibit No. 1). The broker testified that the sellers signed the contract in his presence. Inexplicably the court excluded Exhibit No. 1 from evidence because it bore the sellers' initials opposite the above-stricken words but a duplicate thereof (Exhibit No. 2, attached to the complaint and received in evidence) did not bear such initials. Not only was the provision "or $20,000" not a part of the executed contract, but even if it were, there was nothing indefinite about it—the sellers had the right to compel performance at their option, and nothing remained to be negotiated *(1130 President St. Corp. v Bolton Realty Corp.,* 300 NY 63, 68). Trial Term also erred in declaring the contract voidable by the sellers because the lake frontage is less than 150 feet. That provision was in the contract for the benefit of the purchaser, the plaintiff, and he has the right to waive it *(Born v Schrenkeisen,* 110 NY 55, 59; *Litchfield v Irvin,* 51 NY 51, 58–59; *Mall v Sloan,* 256 App Div 891, affd 281 NY 619; *Gorman v Gorman,* 283 App Div 250, 251–252). Moreover, if the reduction of the lake frontage was caused by defendant and her mother, they cannot assert that fact to vitiate the contract. A seller cannot defeat his contract obligations by creating a condition contrary to its terms (see *Schwartz v Donnenberg,* 10 Misc 2d 490). The farm was owned by Dora Plaisted and Ruth Plaisted. Dora, nearly 100 years old, had a life use therein and Ruth owned the remainder interest [Dora has since died and Ruth is executrix of her will]. The property was described in the contract as "the Dora Plaisted Farm, except a parcel of land lying at the rear of the Ruth Plaisted cottage (which is now 100 feet in depth) (100' x 50')". Plaintiff's survey showed that part of the porch of Ruth's cottage encroached upon the farm. The parties had negotiated only through the realtor, Benson. Plaintiff advised Benson that he was willing to resolve the problem by giving Ruth land around her porch and space for a septic tank, but she preferred to disavow the contract. Dora then conveyed to Ruth the portion of the farm around her cottage. It is not clear from the record whether prior to this conveyance the farm lake frontage exceeded 150 feet, but clearly after the conveyance the lake frontage was less than 150 feet.

Where because of an encroachment a seller cannot fully comply with his contract to sell land, the buyer is entitled to specific performance of the contract and to have an abatement of the price, upon equitable principles (*Harsha v Reid,* 45 NY 415, 419; *Samal v Sandow,* 34 AD2d 612, affd 27 NY2d 999; *McGraw v Selkis,* 245 App Div 786, affd 269 NY 534; 5 Warren's Weed, New York Real Property, Specific Performance, §§ 9.01, 14.09 and 17.08). Since plaintiff seeks specific performance of the contract and is apparently willing to accept a reasonable modification of the description to accommodate defendant seller, with a corresponding abatement of the price, and since Trial Term did not consider those matters, the case should be remitted to Trial Term to take further proof as to the extent of the farm lake frontage before and after Dora's deed to Ruth, dated May 7, 1970, and to reform the contract in an equitable manner and to enforce it as reformed. If the farm lake frontage was less than 150 feet before the deed from Dora to Ruth, plaintiff shall have no abatement of the price except with respect to the additional land conveyed by Dora to Ruth by the deed of May 7, 1970 and then only with respect to the portion thereof which the court permits the seller to retain. If the lake frontage was 150 feet before the deed from Dora to Ruth, plaintiff may have specific performance of the contract for the amount of such original farm and frontage without regard to said deed of May 7, 1970, but the court may award to the seller an area of land to accommodate her porch and a septic tank, with a suitable abatement in the price (see *Werner v Thoens,* 14 AD2d 890, affd 11 NY2d 1019). (Appeal from judgment of Yates Supreme Court—dismiss complaint.) Present—Marsh, P. J., Simons, Mahoney, Dillon and Witmer, JJ.