■ WEINPROP, INC., Appellant, v FOREAL HOMES, INC., Respondent. — In an action for specific performance of a contract for the purchase of real property, plaintiff appeals (1) from an order of the Supreme Court, Nassau County, dated June 27, 1980, which, *inter alia*, (a) denied plaintiff's motion to compel defendant to comply with the terms of the contract with regard to filing an application with the Village of Muttontown for final approval of the Map of Melanie Heights and (b) granted defendant's cross motion, *inter alia*, for a determination that it had fully performed its obligations under the contract to the extent of directing defendant to return the down payment to plaintiff and terminating the underlying contract, and (2) as limited by its brief, from so much of a further order of the same court, dated October 15, 1980, as, upon reargument, adhered to the original determination. Appeal from the order dated June 27, 1980 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated October 15, 1980 reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, order dated June 27, 1980 vacated, and plaintiff's motion and defendant's cross motion are granted to the extent that plaintiff is deemed to have waived the condition of map approval and are otherwise denied. Although plaintiff originally requested that defendant be compelled to satisfy the condition of obtaining final map approval for the subject property, it now requests that it be permitted to waive this condition and accept defendant's performance. It is well settled that a party for whose benefit a condition is included in a contract may waive the condition and accept performance of the contract as is *(Satterly v Plaisted,* 52 AD2d 1074, affd 42 NY2d 933). Moreover, the contract herein provides that the purchaser (the plaintiff) may elect to waive the condition. In light of this law and in the interest of justice, plaintiff should be deemed to have waived the condition. We find plaintiff's remaining contentions to be without merit. Damiani, J. P., O'Connor, Weinstein and Thompson, JJ., concur.