■ RAYMOND F. POTERALSKI, Respondent, v GEORGE L. COLOMBE et al., Appellants. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered September 9, 1980 in Schenectady County, upon a decision of the court at Trial Term (Ford, J.), without a jury. This is an action for specific performance to compel defendants to convey to plaintiff certain unimproved real property situated in Princetown, Schenectady County, New York. After a trial without a jury, the court awarded plaintiff judgment and defendants appeal, raising several issues in urging reversal. Initially, defendants contend that certain conditions in the contract of sale were not timely complied with while other conditions were never performed by plaintiff. The conditions in question were inserted in paragraph five of the contract and included such contingencies as plaintiff obtaining a survey of the property, a residential building permit and a right of way. The contract was also contingent upon there being no violations of State or local restrictions against subdivisions. There is, however, ample evidence in the record to support the finding of the trial court that the provisions in paragraph five were included for the benefit of plaintiff. Where provisions are inserted in a contract for the benefit of the purchaser, he has the right to waive them *(Satterly v Plaisted,* 52 AD2d 1074, affd 42 NY2d

933). Consequently, defendants may not urge plaintiff's failure to comply with these conditions so as to preclude plaintiff from obtaining specific performance of the contract. The contract also provided that title was to be transferred on October 30, 1976 and that plaintiff was to pay an additional deposit of $250 on October 1, 1976. This additional deposit was not paid nor was title transferred on the specified date. Since the parties did not so indicate in the contract, time was not of the essence (*Colon v Howell Fuel & Lbr. Co.*, 51 AD2d 616). In addition, the parties continued discussions concerning the sale after October 30, 1976, no demand was made by defendants for the additional deposit of $250, and on May 17, 1977 defendants' attorney forwarded a proposed deed to plaintiff's attorney. We conclude that defendants, by their actions, and by their failure to demand payment of the deposit or fix a reasonable time within which to close, waived the scheduled dates and left the contract in full effect entitling plaintiff to specific performance (*Ring 57 Corp. v Litt*, 28 AD2d 548). We disagree with defendants' contention that the court improperly permitted defendants' former attorney to testify as to matters protected by the attorney-client privilege. In order for this privilege to attach, the information sought to be protected from disclosure must be shown by the party asserting the privilege to have been a "confidential communication" made to the attorney for the purpose of obtaining legal advice or services (*Matter of Priest v Hennessy*, 51 NY2d 62, 68-69). No such information was sought or elicited in the present case and, therefore, no claim of privilege can be sustained herein. We have considered defendants' remaining arguments and find them unpersuasive. The judgment must be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.