■ WEINPROP, INC., Appellant, v FOREAL HOMES, INC., Respondent. — In an action for the specific performance of a contract for the sale of realty, plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated May 7, 1981, which, *inter alia,* (1) denied its motion for an order directing the Sheriff of Nassau County to execute a deed conveying the subject real property, and (2) granted defendant's cross motion seeking clarification of certain contract terms and issues. Order modified (1) by deleting from the third decretal paragraph thereof, which required a purchase price of $528,000, the words "FIVE HUNDRED TWENTY-EIGHT THOUSAND ($528,000) DOLLARS", and substituting therefor the following: "FIVE HUNDRED SIX THOUSAND ($506,000) DOLLARS"; (2) by deleting from the fourth decretal paragraph, which required the plaintiff to pay the defendant the additional amount of $50,000 in cash at the time of closing, all language beginning with the words, "in cash at the time of closing", and substituting therefor the following: "by plaintiff's executing a purchase money note and second mortgage in such amount as constitutes the difference between the contract price of $506,000 and the total of the down payment, $10,000, and the proceeds of the purchase money first mortgage as constituted on the date of closing of title as herein ordered"; and (3) by deleting from the fifth decretal paragraph, which required the payment of interest at 6% per annum on the purchase money mortgage, the words, "for a rate of six (6%) percent payable semi-annually for three (3) years", and substituting therefor, "in accordance with the provisions set forth in paragraph 31 of the contract of sale between the parties dated December 10, 1976". As so modified, order affirmed, without costs or disbursements. From our review of the record, we conclude that the maximum number of plots on the subject realty which the Village of Muttontown Planning Board would approve, based on its preliminary approval filed December 7, 1979, would be 23. Therefore, at $22,000 per plot, the contract purchase price of the land is $506,000. As a result of delays in title closing, the purchase-money mortgage commitment has been reduced and the annual interest rate has dramatically increased. The contract provided for a purchase-money second mortgage in the sum of the contract price due at title closing, less the down payment and the proceeds of the first purchase-money mortgage, and, accordingly, the reduction in the first mortgage commitment and attendant reduction in mortgage proceeds should be reflected as an increase in the purchase-money second mortgage. Finally, the contract of sale provided for the interest rate of the purchase-money second mortgage and the court erred in its attempted reformation of the contract by establishing an interest rate of 6% per annum with respect to said mortgage. The delay in title closing was not attributable to any unreasonable demand by the plaintiff with

respect to final map approval of the subdivision plat in accordance with the contract of sale requirement imposed upon defendant. Further, the plaintiff's subsequent waiver of said requirement on the appeal of a prior order in this case *(Weinprop, Inc. v Foreal Homes,* 79 AD2d 987), whereupon this court directed performance of the contract as modified by plaintiff's waiver of final map approval, furnished no basis for Special Term's requiring an additional cash payment and an annual interest rate which apparently may exceed the annual interest rate applicable to the purchase-money second mortgage to be computed in accordance with paragraph 31 of the contract. Mangano, J.P., O'Connor, Weinstein and Bracken, JJ., concur.