■ JANE DE FREITAS, Appellant, v RAYMOND A. HOLLEY et al., Respondents. — In an action by a contract vendee for, *inter alia,* specific performance of a contract for the purchase and sale of real property or, in the alternative, money damages, plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Orgèra, J.), dated July 23, 1982, which, *inter alia,* (1) denied plaintiff's motion for summary judgment and to dismiss defendants' affirmative defenses, and (2) granted defendants' cross motions for summary judgment dismissing the complaint. Judgment reversed, on the law, with $50 costs and disbursements, plaintiff's motion granted to the extent that summary judgment is awarded against defendants Holley and Cestaro, and the affirmative defenses interposed by all the defendants are dismissed, plaintiff's motion insofar as it seeks summary judgment against defendant Bunt is denied, defendants' cross motions are denied and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith. On August 18, 1981 defendant Raymond Holley entered into a contract to sell real property to the

plaintiff. Paragraph 4 of the rider to the contract provides as follows: "4. It is agreed that the purchaser, at her own expense, may have a termite inspection of the premises made within 10 days of the date of this contract. If said inspection discloses a termite condition which Seller is unwilling to adequately correct and furnish at least a one-year guaranty from a reputable exterminator, then the Purchaser or Seller may cancel this contract and all rights of both parties shall cease. Notice of such cancellation must be served upon the attorneys for either party in writing." On August 19, 1981 plaintiff had a termite inspection conducted and the inspection disclosed substantial termite damage and infestation. The seller's attorney, by letter dated August 24, 1981, wrote to plaintiff advising her that his client did not intend to remedy the termite situation and had elected to cancel the contract and he returned plaintiff's escrowed deposit. Plaintiff then wrote to the seller's attorney expressing her intention to proceed with the purchase and stating that she was not concerned about the termite infestation. On August 27, 1981, plaintiff caused her contract to be recorded in the office of the County Clerk, Suffolk County. On September 8, 1981 defendant Holley, acting for himself and/or through defendant Louise Cestaro, his attorney in fact, conveyed the premises to defendant John Bunt. Subsequently, plaintiff commenced the instant action for, *inter alia,* specific performance of the contract. Special Term, in granting summary judgment in favor of defendants, held that the language of the contract was unambiguous and defendant Holley validly canceled the contract pursuant to paragraph 4 of the contract rider, in strict compliance with the terms of the contract. We disagree. The language of paragraph 4 was intended to protect plaintiff from having to purchase the property in the event that a termite condition was discovered and the seller refused to correct it. It is well established that a party for whose benefit a provision is inserted in a contract may waive that provision and accept performance of the contract as is (*Satterly v Plaisted,* 52 AD2d 1074, affd 42 NY2d 933; *Weinprop, Inc. v Foreal Homes,* 79 AD2d 987). Thus, when plaintiff learned that the termite inspector had discovered a termite condition, she had the right to waive that defect and require performance of the contract (*Satterly v Plaisted, supra; Weinprop, Inc. v Foreal Homes, supra*). As the purchaser was apparently ready, willing and able to perform, and had elected to proceed to closing without demanding that the condition be corrected, the seller could not unilaterally cancel the contract of sale based upon a provision affording the seller the right to cancel if he is unwilling to adequately correct a particular condition and guarantee such correction (see *BPL Dev. Corp. v Cappel,* 86 AD2d 591, mot for lv to app den 56 NY2d 506; *Poteralski v Colombe,* 84 AD2d 887). Since Raymond Holley and Louise Cestaro failed to demonstrate the existence of any triable issues of fact, plaintiff's motion for summary judgment should have been granted as to them (see *South Shore Skate Club v Fatscher,* 17 AD2d 840). However, since the record and moving papers of the parties disclose a triable issue of fact with respect to the question of whether John Bunt was a subsequent bona fide purchaser, we deny summary judgment against Bunt and remit the case to the Supreme Court, Suffolk County, for a determination of this issue, as well as a determination as to whether plaintiff is entitled to specific performance, or, in the alternative, damages, if any. Damiani, J. P., Gibbons, Thompson and Boyers, JJ., concur.