OPINION OF THE COURT
Nicholas A. Clemente, J.
On March 26, 1981, plaintiff Shaye Lieberman entered into a contract with defendants Pettinato to purchase their house located at 1714 60th Street, Brooklyn, New York. The contract provided for a purchase price of $125,000 and plaintiff tendered a $5,000 deposit. Paragraph 28 of the rider to the contract stated that: “28. This deal is conditioned upon the ability of the purchaser to obtain a conventional mortgage loan in the sum of $90,000.00 at prevailing rates of interest at the time of closing. If a commitment for such a loan is not obtained within forty-five (45) days, then either party may cancel same, upon which cancellation the downpayment deposited hereunder shall be returned to the purchaser.”
Relying on paragraph 28, defendants via a letter from their attorney Ernest DeLuca, dated May 26, 1981 wrote that “It appears that you have not obtained a commitment for a mortgage loan within the forty-five (45) day period. Accordingly, my client elects to cancel said contract and in lieu therewith, I return the purchaser’s contract deposit.”
Plaintiff’s attorney, Herbert Tepfer, responded by a letter dated May 28, 1981 which stated the following:
*216 “Dear Mr. DeLuca:
“Check of $5,000.00 is returned to you as Mr. Lieberman did obtain a mortgage commitment from the Greenpoint Savings Bank within 45 days from the date of contract.
“Accordingly the deal is firm and binding upon all sides.
“Please advise your client that a suit for specific performance will be instituted upon the contract should he have any intention of not abiding therewith.”
The defendants did not change their position so that thereafter, by summons and complaint dated January 5, 1982, plaintiff Lieberman commenced this action seeking specific performance by defendants of the contract of sale. Defendants, still represented by DeLuca, served an answer seeking dismissal of the complaint.
Plaintiff moves for summary judgment contending that he orally notified the Pettinatos within the 45-day period that he had obtained a mortgage commitment. Plaintiff argues more strenuously that the mortgage clause does not provide a basis upon which the Pettinatos may cancel the contract since the clause is one inserted for the plaintiff purchaser’s benefit and plaintiff purchaser is willing to take title regardless of whether a mortgage has been obtained.
Defendants, by their attorney DeLuca’s affirmation and their own affidavit, oppose the motion and “cross-move” to dismiss plaintiff’s complaint. They contend that no commitment has ever been issued by the Green Point Savings Bank; that plaintiff never indicated thát they waived the mortgage condition; that even if the deal had been converted into an all cash one, plaintiff never did anything to consummate the purchase; that from May 28, 1981 to August 15, 1981, the day the closing was to take place, there was no communication from plaintiff’s lawyer and that plaintiff does not appear to be a bona fide purchaser, but rather a speculator seeking to obtain another buyer at a profit.
Subsequent to responding to plaintiff’s motion, Mr. DeLuca died and defendants Pettinato obtained new counsel who then commenced a third-party action for malpractice against the estate of DeLuca. The Pettinatos, in a summons and verified complaint dated March 22, 1984, aver that DeLuca was negligent in failing to provide in. the March 26, 1981 contract that notification of a mortgage commitment had to be given in writing and in failing to properly advise them of the consequences of refusing to abide by the contract dated March 26, 1981. The Pettinatos seek to recover from DeLuca’s estate the amount that the current fair market value of their house ex *217 ceeds the amount of any judgment obtained by plaintiff against them.
The Pettinatos also now move for summary judgment in their favor against plaintiff and in the alternative, for summary judgment in their favor and against DeLuca’s estate. Defendants contend as to plaintiff that the mortgage clause was never waived and a mortgage never obtained. As to DeLuca, defendants claim that he was negligent in failing to do anything (other than answer) about plaintiff’s action from January 5, 1982 until this motion for summary judgment was instituted. DeLuca is also alleged to have been negligent in failing to insert an adequate mortgage contingency clause in the contract of sale.
Third-party defendant estate of DeLuca also cross-moves for summary judgment dismissing the third-party complaint. The estate contends that the Dead Man’s Statute bars many of the allegations made against DeLuca; that the Pettinatos have suffered no damages; that the Pettinatos have asserted in other parts of this litigation that the mortgage clause was properly drawn and that there is no basis to impose liability upon the estate.
In my view, the defendants Pettinato are entitled to summary judgment dismissing the complaint. It follows therefrom that the third-party defendant, estate of DeLuca, is entitled to summary judgment dismissing the third-party complaint against it. Moreover, even if the result were otherwise on the primary action, the estate of DeLuca would still be entitled to summary judgment in its favor. All other motions should be denied.
The controversy between plaintiff Lieberman and defendants Pettinato is addressed first. The initial question is whether plaintiff had obtained a mortgage commitment within the 45-day period so as to satisfy the contingency of paragraph 28 and make the deal a firm one. A comparative analysis of plaintiff’s own papers indicates that plaintiff, in fact, had no mortgage commitment when the 45-day period elapsed. In reaching this conclusion, I find Tepfer’s letter of May 28,1981, and affidavit of July 12,1984 contradictory. Tepfer’s letter of May 28,1981 sent 16 days after expiration of the 45-day period and apparently only in response to defendants’ attorneys letter of cancellation, unequivocally states that a commitment had been obtained from the Green Point Savings Bank within the 45 days. Nevertheless, it is clear from Tepfer’s affidavit that although eligible, and despite his letter to defendants, plaintiff had determined not to accept a commitment from the Green Point Savings Bank. This is indicáted by paragraphs 4 and 5 of Tepfer’s affidavit which state the following:
*218 “4. On or about April 15th, 1981, the Greenpoint Savings Bank notified me that my client had qualified for a mortgage. I immediately notified my client who said that he would prefer to either obtain a mortgage elsewhere (since the Greenpoint Savings Bank was expensive), or if necessary, that he was prepared to pay all cash.
“5. On May 28th, 19811 received a letter from the attorney for the seller purporting to cancel the contract. I spoke to my client who told me that he wished to go through with the contract regardless of whether or not he would obtain another mortgage. I immediately, pursuant to my client’s instructions, wrote to the attorney for the sellers advising him my client considered the deal to be firm.”
Thus, as far as defendants are concerned, there was no commitment and no compliance with paragraph 28.*
Accordingly, whether plaintiff or defendants should prevail depends upon plaintiff’s right to waive the mortgage contingency and at what point plaintiff must communicate such waiver or lose the right to the prior action of defendants.
It is clear that a party for whose benefit a provision is inserted in a contract may waive that provision and accept performance of the contract, “as is” (De Freitas v Holley, 93 AD2d 852; Weinprop, Inc. v Foreal Homes, 79 AD2d 987; Satterly v Plaisted, 52 AD2d 1074, affd 42 NY2d 933). Thus, there is no doubt that plaintiff was permitted to waive the mortgage provision of the contract and purchase the property at 1714 60th Street without financing. Moreover, absent more specific language in the contract, plaintiff is not duty bound under the type of clause in issue here to notify the vendor by the 45th day of his position vis-a-vis the mortgage because it has been held that notice may be sent a few days after expiration of the time set in a contingency clause (cf. Waskewich v Redding, 97 AD2d 758; Sainato v Hormozdi, 87 AD2d 625).
These principles, while seeming to favor plaintiff’s position, are counterbalanced by the superseding fact that paragraph 28, while initially one certainly for the benefit of plaintiff, also is for the benefit of defendant sellers, in that, it gives them a right to cancel the contract after the 45-day period without further inquiry (cf. Woodlark Constr. Corp. v Callahan, 275 App Div 857; Mullen v Lauro, NYLJ, May 23, 1979, p 16, col 4 [Leone, J.])
*219 Hence, if the contingency clause was considered solely for plaintiff’s benefit, there would be some authority to support his position (cf. De Freitas v Holley, supra; BPL Dev. Corp. v Cappel, 86 AD2d 591; Poteralski v Colombe, 84 AD2d 887; Spuches v Royal View, 13 AD2d 815, 816). Ultimately, this is not determinative here because of the element unique to the instant case, that is, the grant to defendant sellers of the right to cancel coupled with plaintiff’s failure to act for more than two weeks after the 45-day period expired and only after defendants had elected to cancel.
Accordingly, I conclude that defendants Pettinato properly canceled the contract and their motion for summary judgment should be granted.
In regard to the third-party action, the defendants/third-party plaintiffs “demand judgment against the third-party defendant (DeLuca), on the first cause of action and in the alternative, on the second cause of action, for the amount that current fair market value of 1714 60th Street, Brooklyn, New York, exceeds the amount of any judgment obtained against the defendants and third-party plaintiffs in favor of the plaintiff”. The third-party plaintiffs and the third-party defendant have each moved against the other for summary judgment. The latter’s motion should be granted.
The grant of summary judgment in favor of defendants obviously eliminates any cause of action against the estate of De-Luca since there are no damages sustained by defendants.
I would still conclude that the estate of DeLuca is entitled to summary judgment, however, even if I had not awarded summary judgment to defendants.
Defendants/third-party plaintiffs’ allegations against third-party defendant, when examined closely, do not rise above a claim of legal malpractice based upon a plaintiff instituting a lawsuit. Obviously, the third-party defendant is not a guarantor of the success of his representation and he cannot be held responsible for plaintiff’s actions.
Moreover, defendants/third-party plaintiffs have failed to state any cause of action against the estate of DeLuca since their claim for damages based upon any appreciation in value of 1714 60th Street would belong to plaintiff if he prevailed and would belong to defendants/third-party plaintiffs if they prevailed. Thus, there would be no amount they could rightfully claim from the estate of DeLuca as damages.
*220 Accordingly, defendants’ motion against plaintiff and the third-party defendant’s motion against the third-party plaintiffs are granted. The other motions are denied.

 DeLuca, in his affirmation submitted on these motions, contends that after receipt of Tepfer’s letter dated May 28, 1981, he called the Green Point Savings Bank and was informed that no mortgage commitment had been issued.