OPINION OF THE COURT
Martha K. Zelman, J.
The motion of the plaintiff for summary judgment for *920 specific performance or in the alternate, $175,000, and other relief is denied. The cross motion of the defendant for summary judgment dismissing the complaint is granted.
The parties entered into a contract on August 18, 1986, whereby the plaintiff would purchase defendant’s home at 104-33 126th Street, Richmond Hill, Queens, New York, for $125,000 with the closing to take place on December 29, 1986. A $5,000 down payment was then given from the plaintiff to the defendant.
Paragraphs 4 and 5 of the contract provided as follows:
"4. This contract is subject to and conditioned upon the Purchasers obtaining, within 45 days of the date hereof, a commitment from a lending institution for a mortgage loan in the amount of $93,750.00 at the prevailing rate of interest for a period of not less than 25/30 years.
"5. Purchaser agrees to make immediate application for a mortgage loan and to truthfully and promptly sign all papers in-!connection therewith. If Purchaser shall be unable, after diligent efforts, to obtain said commitment within said period, then either party, by written notice to the other, may cancel this contract and down payment may be refunded to the Purchaser and this contract shall become null and void with no liability to either party.”
On October 1, 1986, plaintiff advised the defendant that he had obtained a commitment for $70,000. It appears that after that date, the plaintiff indicated he would try to obtain a commitment for the balance. By letter of October 10, 1986, the defendant wrote to the plaintiff advising him that the deal was terminated, and returned the down payment. By letter of October 17, 1986, plaintiff returned the down payment to the defendant, stating he considered the deal still in effect. The plaintiff appeared at the closing, but the defendant did not.
This court is aware that when a provision in a contract is for the sole benefit of one party, that party has the right to waive that provision and still enforce the contract (Poteralski v Colombe, 84 AD2d 887; Satterly v Plaisted, 52 AD2d 1074, affd 42 NY2d 933). Such provisions, as obtaining a survey, a residential building permit and a right-of-way were found to be for the purchaser’s benefit in Poteralski (supra), and could be waived by that party. Similarly, in De Freitas v Holley (93 AD2d 852), a termite condition clause was found waivable by the purchaser, for whose sole benefit it had been inserted, and the purchaser could accept performance of the contract as is. *921 More relevant, mortgage commitment clauses similar to the one in paragraph 4 have been found to be for the sole benefit of the purchaser. (See, Lieberman v Pettinato, 126 Misc 2d 215, and Samet v Klein, NYLJ, Oct. 8, 1986, at 14, col 4.)
However, in both Lieberman (supra) and Samet (supra), an additional provision permitted either party to cancel the contract upon notice to the other if the mortgage could not be obtained within the commitment period. Like these cases, the contract in our case contains such a provision, viz., paragraph 5.
In Lieberman (supra) a case very similar to ours in many ways, the court found for the seller. The court found that the mortgage commitment for $90,000 had not been obtained within the 45-day period, that within two weeks thereafter, the seller notified the purchaser in writing that the deal was off, and in accordance with the contract the seller returned the down payment to the purchaser. It also found the purchaser then returned the down payment to the seller saying he considered the deal firm. The closing did not take place. The court stated (at 218), "whether plaintiff or defendants should prevail depends upon [purchaser’s] right to waive the mortgage contingency and at what point [purchaser] must communicate such waiver or lose the right to the prior action of [sellers]”. It then stated (at 218) that though the mortgage contingency clause (our j[ 4) could ordinarily be waived because it is for the benefit of the purchaser, the following provision (our fl 5) "while initially one certainly for the benefit of [purchaser], also is for the benefit of defendant sellers, in that, it gives them a right to cancel the contract after the 45-day period without further inquiry (cf. Woodlark Constr. Corp. v Callahan, 275 App Div 857; Mullen v Lauro, NYLJ, May 23, 1979, p 16, col 4 * * *)”.
Like Lieberman (supra), our case is one wherein the buyer did not fulfill his commitment with respect to the mortgage within the 45-day period. The sellers promptly notified the purchaser in writing 10 days later that the deal was void, and returned the deposit. The provisions of paragraph 5, not being for the sole benefit of the purchaser, must be given force and effect. By their plain meaning, the seller had the right to cancel and he did so. Though the purchaser alleges he was to pay the balance in cash, the affidavits indicate that in fact this was never communicated. In addition, the affidavits indicate that the plaintiff was still attempting to find additional financing. The purchaser never advised the seller during the *922 45-day period or after the 45-day period before notice of cancellation was received that he waived the provisions of paragraph 4 and that he would be bound by the terms of the agreement. The plaintiff cannot have his cake and eat it too. He cannot not be bound past the 45-day period, and still enforce the contract, if he chose to, once the seller has exercised his right to cancel. A contrary holding would be totally unfair to the seller, who having seen a "shaky” purchaser who was in no way firmly committed, and who might not be able to pay the purchase price, did not wish to waste time, and wanted to move on as agreed. A case like De Freitas (supra) is not to the contrary. In De Freitas there was a clause solely for the benefit of the purchaser, and it was still conceivable that by the purchaser doing nothing, the purchaser could still be bound. Here, the purchaser still had to do something to obtain the benefits of the contract, viz., produce the purchase price, which he might or might not do.
Samet (supra), though holding for the purchaser, is not inconsistent. The court held for the purchaser because it found that the purchaser, within the 45-day period, in fact on the 16th day after the contract signing, specifically told the seller he would not be getting a mortgage, would be paying all cash, and that he considered the deal firm. In effect, he waived the provision within the 45-day period. The court reasoned that at that point the deal became binding and the purchaser would have breached the agreement he could not close. In addition, the court also found that the seller never gave written notice to the purchaser that he was canceling the deal, as required by the contract.