■ FRANK A. GABRIEL et al., Appellants, v MARIE VAZQUEZ et al., Respondents.—In an action, *inter alia,* to set aside a deed and impose a constructive trust with regard to certain real property, the plaintiffs appeal, as limited by their notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Suffolk County (McCarthy, J.), entered April 21, 1989, which, after a nonjury trial, *inter alia,* reformed the deed by amending it to provide for a life estate in favor of the plaintiffs, with the remainder to the defendant Marie Vazquez.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

In this action, the plaintiffs sought, *inter alia,* to set aside a deed transferring certain real property they owned to the defendant Marie Vazquez on the ground that the deed had been given as security for a debt, which they had repaid. In the alternative, the plaintiffs sought the imposition of a constructive trust.

We agree with the trial court that the plaintiffs failed to establish that the deed they executed was intended as security for a debt that had been repaid, or that the deed had been given under circumstances warranting the imposition of a constructive trust. Nevertheless, contrary to the plaintiffs' further contention, we find that under the circumstances, the trial court appropriately fashioned an equitable remedy by

reforming the deed by adding a provision granting the plaintiffs a life estate in the real property, leaving the remainder to the defendant Marie Vazquez. This relief had the effect of "clos[ing] the controversy in all of its apparent features" *(Russell Hardware & Implement Mfg. Co. v Utica Drop Forge & Tool Co.,* 195 NY 54, 61) with due regard to the "nature of the case and the facts, as they exist[ed] at the close of the litigation" *(Russell Hardware & Implement Mfg. Co. v Utica Drop Forge & Tool Co.,* 195 NY 54, 60-61, *supra; see also, Hart v Blabey,* 287 NY 257; *Werner v Thoens,* 14 AD2d 890, *affd* 11 NY2d 1019).

The plaintiffs' other contentions are either without merit or do not warrant any modification of the judgment insofar as appealed from. Thompson, J. P., Lawrence, Miller and O'Brien, JJ., concur.