■ PETER SCALIA et al., Respondents, v PAUL GLIELMI, Appellant. [606 NYS2d 722] —In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Orange County (Spindel, J.H.O.), dated April 25, 1991, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $164,094.10.

Ordered that the judgment is affirmed, with costs.

By agreement dated January 7, 1988, the defendant purchased the Little Italy Deli of Midtown, Inc., including the business assets and lease, from the plaintiffs. The purchase price included a $145,000 promissory note payable in installments of $1,400 per month for 10 years. The agreement and the promissory note were made contingent on the defendant executing, upon expiration of the existing lease on the premises, a new five-year lease at the maximum rent of $2,700 per month, with the option to renew the lease for an additional five years.

On September 8, 1988, the defendant executed a new lease for the subject premises for a one-year period, made no effort to secure a five-year lease with an option to renew, and continued making payments to the plaintiffs pursuant to the promissory note through August 1989. The defendant's last payment to the plaintiffs was made on August 7, 1989. The plaintiffs brought the instant action to recover the balance which remained unpaid on the promissory note, and, after a

nonjury trial, judgment was entered in their favor. On this appeal, the defendant claims that because he did not execute a five-year lease at the maximum rent of $2,700 per month with an option to renew for five years, the condition in the agreement failed, and therefore the promissory note terminated by its own terms.

It is well settled that "the party for whose benefit a condition is inserted in an agreement may waive the condition" *(Oak Bee Corp. v Blankman & Co.,* 154 AD2d 3, 7; *see, Weinprop, Inc. v Foreal Homes,* 79 AD2d 987). We find that the buyer waived his right to rescind or terminate the agreement and the promissory note when he accepted a one-year lease, and continued to perform under the terms of the agreement through August 1989. Mangano, P. J., O'Brien, Pizzuto and Santucci, JJ., concur.