MADELINE C. GORMAN et al., Appellants, *v.* FRANCIS R. GORMAN, Respondent.

Fourth Department, February 3, 1954.

*John F. Henry* for appellants.

*Stewart F. Hancock, Jr.,* for respondent.

PIPER, J. Plaintiff Madeline C. Gorman and defendant were married October 6, 1926. Plaintiff James P. Gorman is their son. The complaint alleges that on March 28, 1932, Mrs. Gorman and defendant entered into a separation agreement whereby they agreed to live separate and apart and the defendant agreed to pay to Mrs. Gorman $55 monthly for the support of Mrs. Gorman and the son James. It then alleges the failure of defendant to make certain payments due under the agreement and asks for judgment for the unpaid installments and interest. A copy of the agreement is attached to the complaint.

The tenth paragraph of the agreement contains this sentence: " Provided, however, that in the event the said party of the first part (the defendant) does not make the payments provided for under this agreement or abide by all the covenants contained in this agreement, this agreement shall be void and of no effect

and the party of the second part (plaintiff Mrs. Gorman) may pursue any remedy in any Court to obtain any relief to which she might be entitled if this agreement were not in effect.''

Defendant moved to dismiss '' the complaint in its entirety or, in the alternative, for a dismissal of one or the other of the causes of action '' pursuant to rule 106 of the Rules of Civil Practice on the ground that it appears on its face that the complaint does not state a cause of action.

The motion to dismiss the complaint as against both plaintiffs was granted by the Special Term with the following memorandum: '' The tenth paragraph of the agreement provides in substance that it ' shall be void and of no effect ' in the event either party fails to abide by its terms. Concededly, the defendant has breached the agreement by failing to make payments in accordance with its terms. There is no provision in the agreement giving the aggrieved party an option to enforce its terms, as was the case in O'Brien v. O'Brien, 252 App. Div. 427. The agreement involved in the instant case was terminated upon a breach thereof and relegates the parties to such other remedies as they might choose to pursue.''

We do not agree with that construction of the agreement. The correct rule is clearly stated in New York Law of Contracts (Vol. 2, § 885, p. 1340), as follows: '' As a general rule, where a contract provides that it shall become void or of no effect or the like, in case of the default of a party to perform some covenant or stipulation on his part, it becomes voidable only on the claim and at the option of the party for whose benefit the provision was inserted and who is injured by the default. Any other construction would contravene the fundamental maxim of the law that ' no man shall take advantage of his own wrong.' ''

In *Born* v. *Schrenkeisen* (110 N. Y. 55, 59), Judge EARL wrote: '' It is a general rule that when a written instrument provides that it shall become void in case of default by one party to perform some covenant therein contained, it becomes void only upon the claim and at the option of the party for whose benefit the covenant was inserted and who is injured by the default.''

That this rule of construction has been generally followed in the courts of this State is evident from a reading of the opinions in the following cases. (*Roehner* v. *Knickerbocker Life Ins. Co.,* 63 N. Y. 160, 166; *Titus* v. *Glens Falls Ins. Co.,* 81 N. Y. 410; *People ex rel. Rodgers* v. *Coler,* 56 App. Div. 98, affd. 166 N. Y. 1; *Morris* v. *Green,* 62 App. Div. 460; *Rollton Syndicate* v. *Widlitz,* 219 App. Div. 537; *Mall* v. *Sloan,* 256

App. Div. 891.) Other authorities are *Stewart* v. *Griffith* (217 U. S. 323), wherein the court said, at page 329: "the word void means voidable at the vendor's election and the condition may be insisted upon or waived at his choice." (3 Williston on Contracts [rev. ed.], § 746.) We think the complaint states a cause of action by the plaintiff Madeline C. Gorman against the defendant.

The next question to be answered is whether or not the allegations of the complaint as to plaintiff, James P. Gorman, state a cause of action. It is urged that he has a cause of action as the agreement was made for his benefit and that he may recover under the rule of law laid down in *Todd* v. *Weber* (95 N. Y. 181). We think that case is not in point. By the fifth paragraph of the agreement, Mrs. Gorman agreed, in consideration of the payments to be made by defendant and other covenants contained in the agreement, to release defendant "from all liability to her for the maintenance, clothing, board, rent and other necessities for the infant child of both parties herein, namely, James Gorman." We understand that clause to mean that Mrs. Gorman assumed the duty which the law imposed on the defendant to support the son.

We reach the conclusion that plaintiff James P. Gorman does not have a cause of action against his father, the defendant, under the separation agreement, and particularly is this so because his mother has brought the action. (*Kendall* v. *Kendall*, 200 App. Div. 702; *Percival* v. *Luce*, 114 F. 2d 774.) The allegation in paragraph 4 of the complaint that Mrs. Gorman "has duly performed all the conditions of such contract on her part" which allegation is re-alleged by plaintiff, James P. Gorman, compels us to conclude that he was supported and maintained by his mother as she agreed.

The order insofar as it dismisses the complaint of plaintiff James P. Gorman should be affirmed, without costs; the order insofar as it dismisses the complaint of plaintiff Madeline C. Gorman should be reversed, with $10 costs and disbursements and the motion dismissing the complaint as to her should be denied, with $10 costs, with leave to the defendant to answer within twenty days after service of a copy of the order with notice of entry thereof, upon payment of costs of the motion and of this appeal.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Order insofar as it dismisses the complaint of plaintiff James P. Gorman affirmed, without costs of this appeal to either party; order insofar as it dismisses the complaint of Madeline C. Gorman reversed, with $10 costs and disbursements, and motion dismissing the complaint as to her denied, with $10 costs, with leave to the defendant to answer within twenty days after service of a copy of the order with notice of entry thereof, upon payment of costs of the motion and of this appeal.