CARMEN BRITT, Individually and as Executor of LULA BAITY, Deceased, Appellant, v BUFFALO MUNICIPAL HOUSING AUTHORITY et al., Defendants, and PHILLIP J. RADOS, M.D., Respondent. [843 NYS2d 890]—

Appeal from an order of the Supreme Court, Erie County (John P. Lane, J.), entered January 10, 2006. The order granted the motion of defendant Phillip J. Rados, M.D. to dismiss the complaint against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied, and the complaint against defendant Phillip J. Rados, M.D. is reinstated.

Memorandum: Plaintiff and the original coplaintiff, now plaintiff's decedent, commenced this action for damages asserting various tort theories of liability by the timely filing and service of a summons with notice. Counsel for defendant Phillip J. Rados, M.D. served a notice of appearance and demand for the complaint on plaintiff's attorney. More than 20 days thereafter, plaintiff's attorney filed a second summons in the same action,

using the same index number and adding two new parties. A copy of that second summons (hereafter, supplemental summons) was served by mail on the attorney for Rados, together with the complaint. Rados amended his answer to assert the defenses of lack of jurisdiction and statute of limitations, and Supreme Court granted his motion to dismiss the complaint against him based on those defenses. That was error.

Contrary to the contention of Rados and the apparent conclusion of the court, plaintiff's failure to comply with the requirements of CPLR 1003 by obtaining leave of court to add new parties before filing the supplemental summons did not deprive the court of jurisdiction over Rados. Noncompliance with CPLR 1003 results in the failure to obtain personal jurisdiction over the added defendants (*see e.g. Crook v E.I. du Pont de Nemours Co.* [appeal No. 2], 181 AD2d 1039 [1992], *affd* 81 NY2d 807 [1993]; *Brown v Marine Midland Bank*, 224 AD2d 1016 [1996], *lv dismissed* 88 NY2d 919 [1996]), but such noncompliance has no effect on the court's jurisdiction over the original defendants. Contrary to the further contention of Rados, the improper filing and service of the supplemental summons did not effect an "abandonment" of the summons with notice, and thus his reliance on *Matter of Gershel v Porr* (89 NY2d 327 [1996]) is misplaced. Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.