■ ALEXANDER J. GERSCHEL et al., Appellants, v CRAIG G. CHRISTENSEN et al., Respondents, et al., Defendants. [9 NYS3d 216]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered January 9, 2014, which, upon reargument, granted defendants Craig G. Christensen, Christensen Capital Law Corp., Christensen & Barrus, Inc., Jeffrey M. Moritz, Nature Issues, Inc., Sterling Peak, Inc., Zamworks, LLC, and Proprietary Media, Inc.'s (defendants-respondents) motion to dismiss the complaint, and denied plaintiffs' cross motion for a default judgment as moot, unanimously modified, on the law, to deny

the motion to dismiss except as to Christensen & Barrus, Inc.,* to grant the cross motion for a default judgment against Mr. Christensen, Christensen Capital Law Corp., Nature Issues, Sterling Peak, Zamworks, and Proprietary Media, and to order an assessment of damages as to those defendants, and otherwise affirmed, without costs.

Regardless of how CPLR 1003 is interpreted, we find that the tolling agreements between plaintiffs on the one hand and Mr. Christensen, Christensen Capital Law Corp., Moritz, Sterling Peak, Zamworks, and Proprietary Media on the other tolled CPLR 1003. Thus, plaintiffs' addition of those defendants was timely.

Defendants-respondents admit that they breached their contractual obligation to pay plaintiffs $100,000 by April 15, 2011. They contend that their material breach of the amended tolling agreement relieved plaintiffs of their obligation to forbear from suit until July 1, 2001, i.e. plaintiffs could have sued them on April 16, 2011. Defendants-respondents' attempt to take advantage of their own breach will not be condoned by this Court. Moreover, "resort to the doctrine [of anticipatory breach] is generally at the plaintiff's option" (*Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d 262, 266 [1st Dept 1995]). As the injured parties, plaintiffs were within their rights to keep the amended tolling agreement in effect until July 1, 2011.

Christensen & Barrus was not a party to either tolling agreement. Therefore, its addition as a defendant was untimely, and personal jurisdiction over it was not obtained (*see e.g. Britt v Buffalo Mun. Hous. Auth.*, 43 AD3d 1443 [4th Dept 2007]; CPLR 1003). Plaintiffs' argument that relief from CPLR 1003 can be granted under CPLR 2001 is unpreserved and in any event without merit. Before the court can exercise its discretion to correct an irregularity it must have personal jurisdiction over the parties (*Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown*, 144 AD2d 90, 92 [3d Dept 1989]).

Plaintiffs' argument that they should be granted leave to add new defendants nunc pro tunc is also unpreserved (*cf. Gavigan v Gavigan*, 123 AD2d 823, 826 [2d Dept 1986] [Lazer, J., dissenting] [plaintiff moved Supreme Court to add defendant nunc pro tunc]). In any event, it is unavailing. As indicated, failure to comply with CPLR 1003 when adding defendants is a

---

* The motion court dismissed the complaint as against defendants Univest and Christensen Law Group in its original decision because plaintiffs failed to serve those defendants. Plaintiffs did not appeal from that decision.

jurisdictional defect (*see Britt*, 43 AD3d at 1444), which renders the supplemental summons and amended complaint a legal nullity (*Yadegar v International Food Mkt.*, 306 AD2d 526 [2d Dept 2003]). Thus, plaintiffs may not serve those papers nunc pro tunc (*id.*).

Plaintiffs are not entitled to a default judgment against Moritz. He showed that he did not default, and they failed to oppose his arguments.

Plaintiffs served defendant Land Base LLC with the original summons with notice in December 2010. In its original decision, the motion court found that plaintiffs' time to move for a default judgment against Land Base had expired in January 2012. Plaintiffs did not move until February 2012. Plaintiffs did not appeal from that decision.

Plaintiffs served Nature Issues with the original summons with notice in December 2010 and with the summons and amended complaint in July 2011. Hence, the motion for a default judgment as against it in February 2012 was timely (*see* CPLR 3215 [c]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Acosta, Richter and Gische, JJ.

