Renelique v 21st Century Ins. Co. (2021 NY Slip Op 50521(U))

[*1]

Renelique v 21st Century Ins. Co.

2021 NY Slip Op 50521(U) [71 Misc 3d 140(A)]

Decided on June 4, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 4, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, J.P., MICHELLE WESTON, DAVID ELLIOT, JJ

2020-568 K C

Pierre Jean Jacques Renelique, as Assignee
of Joel Auguste, Appellant, 
against
21st Century Insurance Company, Respondent.

The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Law Offices of Buratti, Rothenberg & Burns (Konstantinos Tsirkas of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S.
Garson, J.), entered August 16, 2019. The order, insofar as appealed from as limited by the brief,
granted the branch of defendant's motion seeking to dismiss the complaint.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
This action by a provider to recover assigned first-party no-fault benefits was commenced by
the filing of a summons and complaint on August 11, 2015 in Civil Court, Kings County.
However, the summons indicated that the matter was to be heard in the Civil Court, Queens
County, and required defendant to appear at the courthouse at 89-17 Sutphin Boulevard, Jamaica,
New York. Defendant served an answer upon plaintiff on September 9, 2015, which listed the
Civil Court, Queens County, as the venue in the caption, and the answer was allegedly filed
there. Plaintiff thereafter moved for the entry of a default judgment against defendant, which
motion was granted, without opposition, on December 3, 2018. A judgment in the total sum of
$260.89 was entered on February 7, 2019. 
Defendant moved to vacate the default judgment and to dismiss the complaint. In his
affirmation in support, defense counsel stated, among other things, that the default judgment
should be vacated and that plaintiff's complaint "should be dismissed outright based on the
deficiencies" on the face of the summons, the fact that plaintiff never modified its summons and
[*2]complaint and the fact that the Civil Court, Kings County,
does not have jurisdiction over this matter. 
In opposition, plaintiff's counsel argued that defendant failed to establish a reasonable excuse
for its default or a meritorious defense. 
In its reply affirmation, defense counsel argued that plaintiff's "opposition papers do nothing
to dispel the notion that its complaint must be dismissed." 
In an order entered August 16, 2019, the Civil Court granted the motion, vacated the default
judgment and dismissed plaintiff's complaint, as it was "fatally defective."
As limited by its brief, plaintiff argues that so much of the August 16, 2019 order as
dismissed the complaint should be reversed because dismissal of the complaint was not the
proper remedy upon the vacatur of the default judgment. Rather, plaintiff should have been
permitted to correct its error pursuant to CPLR 2001.
Plaintiff's argument, that it should have been afforded an opportunity to amend the complaint
pursuant to CPLR 2001, is unpreserved for appellate review, as plaintiff failed to raise the issue
in opposition to defendant's motion (see Gerschel v Christensen, 128 AD3d 455 [2015];
Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 114 AD3d 935 [2014]).
Accordingly, the order, insofar as appealed from, is affirmed.
TOUSSAINT, J.P., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 4, 2021