GS Capital Partners, LLC v Ameritek Ventures (2023 NY Slip Op 01942)

GS Capital Partners, LLC v Ameritek Ventures

2023 NY Slip Op 01942

Decided on April 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 13, 2023

Before: Renwick, A.P.J., Moulton, Shulman, Rodriguez, Pitt-Burke, JJ. 

Index No. 656964/19 Appeal No. 41 Case No. 2021-03651 

[*1]GS Capital Partners, LLC, Plaintiff-Respondent,
v
Ameritek Ventures, Defendant-Appellant.

Robert B. Harmon, New York, for appellant.
Berkovitch & Bouskila, PLLC, Pomona (Ariel Bouskila of counsel), for respondent.

Order, Supreme Court, New York County (Debra James, J.) entered on or about August 23, 2021, which denied defendant Ameritek Ventures's motion to vacate the default judgment against it pursuant to CPLR 5015(a)(4) and to dismiss the action, unanimously reversed, on the law, with costs, and defendant's motion granted to the extent of remanding the matter for a traverse hearing and further proceedings consistent with the determination rendered after such hearing.
A traverse hearing is warranted to determine whether the court has personal jurisdiction based on record evidence that Edward Zimmerman, Ameritek's former registered agent for service of process, had apparent authority to accept service on Ameritek's behalf at the time he was served. Until November 25, 2019, Ameritek had conferred actual authority on Zimmerman to accept process by naming him as its registered agent. The fact that Ameritek filed a Registered Agent Acceptance/Statement of Change form with the Nevada Secretary of State appointing a new registered agent that day, just one day before Zimmerman was served with process, is not dispositive of whether Zimmerman lacked apparent authority to receive process the following day. The change in Zimmerman's status also occurred the same day service of process was first attempted on him. To further bolster Ameritek's challenge to jurisdiction, Zimmerman filed sworn statements that he sought to withdraw as Ameritek's agent on November 25, 2019 because he was leaving the registered agent business and because Chad Guidry, a friend and Ameritek's CEO when Zimmerman agreed to be its registered agent, was no longer involved with Ameritek. However, there is public record evidence that, nearly a year and a half later, Guidry was still involved with Ameritek and Zimmerman was the registered agent for at least two other companies listing his home address for service of process as was utilized here. A traverse hearing would further determine whether there was collusion between Ameritek and Zimmerman to evade service of process, which was seemingly calculated to lead plaintiff to believe that Zimmerman continued to be Ameritek's agent at the time of service (see Finkelstein Newman Ferrara LLP v Manning, 67 AD3d 538, 538-39 [1st Dept 2009]; NYCTL 1998—1 Trust & Bank of N.Y. v Rabinowitz, 7 AD3d 459, 460 [1st Dept 2004]).
Ameritek's argument that the lack of a certificate of conformity prevents the affidavit of service from being considered is unavailing. Even if such a finding may not be made until after the court's jurisdiction over Ameritek has been established (see Gerschel v Christensen, 128 AD3d 455, 456 [1st Dept 2015]), any defects resulting from the absence of the certificate of conformity in this instance are merely technical and do not raise questions about "the likelihood that the summons and complaint will reach defendant and inform him that he is being sued" (Ruffin v Lion Corp., 15 NY3d 578, 583 [2010]).
THIS CONSTITUTES THE DECISION [*2]AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2023