HSBC Bank USA, N.A. v Castillo (2024 NY Slip Op 51415(U))

[*1]

HSBC Bank USA, N.A. v Castillo

2024 NY Slip Op 51415(U)

Decided on September 30, 2024

Supreme Court, Rockland County

Fried, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 30, 2024
Supreme Court, Rockland County

HSBC Bank USA, N.A., Plaintiff,

against
Julio Castillo A/K/A JULIO C. CASTILLO; DIANA ROMAN; CAPITAL ONE BANK (USA) N.A.; KMT ENTERPRISES INC.; MIDLAND FUNDING LLC; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; BOARD OF MANAGERS FOR THE GREEN MOUNTAIN CONDOMINIUMS; CITIBANK (SOUTH DAKOTA), N.A.; PEOPLE OF THE STATE OF NEW YORK C/O CLARKSTOWN JUSTICE COURT; "JOHN DOES" and "JANE DOES," said names being fictitious, it being the intention of Plaintiff to designate any and all occupants of the premises being foreclosed herein, any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged premises, Defendants.

Index No. 031763/2018

David Fried, J.

The papers filed electronically via NYSCEF numbered 108-128, 147, and 149 ("Motion Sequence No. 3"); and 129-142 and 152-157 ("Cross-Motion Sequence No. 4") were read and considered herein. Upon such reading and consideration, the Motions are disposed as follows:
BACKGROUND
Plaintiff's alleged predecessor-in-interest, HSBC Mortgage Corporation (USA) ("HSBC Mortgage"), commenced a mortgage foreclosure action on September 20, 2010, under Index [*2]Number 012190/2010 ("2010 Foreclosure Action"), with the Rockland County Clerk, by the filing of a Summons and Complaint, which contained an election to accelerate the mortgage on that date. Defendant did not interpose an Answer to the Complaint in the aforesaid 2010 Foreclosure Action. Said 2010 Foreclosure Action was discontinued upon HSBC Mortgage's ex parte application after the Supreme Court (Alfieri, J.) issued an Order marking it off the calendar.
The law firm of Rosicki, Rosicki & Associates thereafter purportedly sent a letter, on the letterhead of PHH Mortgage Corporation, purporting to de-accelerate the mortgage on September 19, 2016.
Plaintiff commenced the instant action, via NYSCEF, with the filing of the Summons and Complaint on March 30, 2018. Defendant Julio Castillo a/k/a Julio C. Castillo ("Defendant"), via NYSCEF, filed and served his Answer to the Complaint on April 19, 2018. 
By Order of Dismissal dated June 4, 2019 (Berliner, J.), the action was dismissed for Plaintiff's failure to appear at a status conference held on June 4, 2019. By Notice of Motion dated December 23, 2019, Plaintiff sought to vacate said Order of Dismissal. By Decision & Order entered February 3, 2020, Plaintiff's motion was denied, "without prejudice to a further . . . motion within 30 days upon proper papers." By Notice of Motion dated March 4, 2020, Plaintiff filed a further motion seeking to vacate the Order of Dismissal ("Motion Sequence No. 2"). By So-Ordered Stipulation dated October 8, 2020, Plaintiff and Defendant stipulated and agreed to the following: Motion Sequence No. 2 was withdrawn; the Order of Dismissal was vacated; this action was restored to the Court's active calendar; that interest on the debt was tolled from November 21, 2013 to September 19, 2014 and from June 4, 2019 to the date of said stipulation; that Plaintiff accepted Defendant's Amended Answer dated October 2, 2020.
In the aforesaid Amended Answer, Defendant asserted affirmative defenses including the statute of limitations and interposed counterclaims for a Judgment discharging the mortgage pursuant to RPAPL §1501(4) and for attorneys' fees pursuant to RPL §282.
Plaintiff now moves for an Order (i) granting summary judgment in favor of Plaintiff pursuant to CPLR §3212; (ii) dismissing the defenses and counterclaims of Defendant pursuant to CPLR §3211(b); (iii) granting a default judgment against all non-appearing defendants pursuant to CPLR §3215; (iv) amending the caption to reflect the deletion of "John Doe" as a party defendant to this action without prejudice to the previous proceedings in this case; (v) appointing a Referee to determine the amount owed to Plaintiff and to ascertain whether the premises can be sold in parcels, pursuant to RPAPL §1321; and, (vi) amending the caption to reflect the amendment of the Plaintiff to U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust (Motion Sequence No. 3).
Defendant, by his counsel, the Legal Aid Society of Rockland County, Inc. ("Legal Aid Society"), opposes Plaintiff's Motion Sequence No. 3 and brings Cross-Motion Sequence No. 4, seeking an Order dismissing the Complaint in this action and granting Judgment on Defendant's Counterclaim cancelling and discharging the subject mortgage as barred by the Statute of Limitations pursuant to RPAPL §1501(4), as set forth in Defendant's Amended Answer.
DISCUSSION
"On a motion to dismiss a cause of action pursuant to CPLR §3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, [*3]prima facie, that the time in which to sue has expired (internal citations omitted). If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period (internal quotation marks and citation omitted)." Tulino v. Hiller, P.C., 202 AD3d 1132, 1134-1135, 164 N.Y.S.3d 157 (2d Dept. 2022).
"Pursuant to CPLR §213(4), an action to foreclose a mortgage is subject to a six-year statute of limitations (internal citations omitted). Even if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and payable, and the statute of limitations begins to run on the entire debt (internal citations omitted). Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage (internal citations omitted)." GMAT Legal Trust 2014-1 v. Kator, 213 AD3d 915, 916, 184 N.Y.S.3d 805 (2d Dept. 2023).
Plaintiff contends that the mortgage was not accelerated on September 20, 2010 because Defendant failed to provide any admissible evidence that a default letter was sent by Plaintiff's predecessor and that such letter complied with Paragraph 22 of the Consolidated Mortgage. Therefore, Plaintiff argues that Defendant failed to establish that this action is barred by the Statute of Limitations because Defendant failed to establish that Plaintiff's predecessor complied with the condition precedent to acceleration (i.e., service of a notice of default in compliance with the mortgage terms).
Defendant contends that in the 2010 Foreclosure Action, no defendant answered, and that therefore, there was no timely interposed defense that the mortgage was not validly accelerated.
In a case of first impression, the Appellate Division, Second Department, in Bank of New York Mellon v. Dieudonne, 171 AD3d 34, 96 N.Y.S.3d 354 (2019), concluded that the reinstatement provision contained in the subject mortgage (a uniform instrument issued by Fannie Mae and Freddie Mac for use in New York) was not a condition precedent to the acceleration of the mortgage in that action and did not prevent the plaintiff from validly exercising its option to accelerate. Accordingly, the Statute of Limitations started to run in Dieudonne when the plaintiff exercised its option to accelerate, with commencement of the foreclosure action.
Moreover, in Everhome Mortgage Company v. Aber, 195 AD3d 682, 151 N.Y.S.3d 55 (2021), the Appellate Division, Second Department, held as follows:
"The requirement in paragraph 22(b) of the mortgage that the lender first send the borrower a written notice of default, with at least 30 days' notice of acceleration, is a contractual condition precedent (see CPLR 3015[a]) inserted in the contract solely for the benefit of the borrower, as it gives the borrower additional time to make installment payments before the lender may accelerate the mortgage debt. As such, compliance with paragraph 22(b) is enforceable and waivable only by the borrower (see Satterly v. Plaisted, 52 AD2d 1074, 1074, 384 N.Y.S.2d 334, affd 42 NY2d 933, 397 N.Y.S.2d 1008, 366 N.E.2d 1362; Gorman v. Gorman, 283 App.Div. 250, 251, 128 N.Y.S.2d 658; see also CPLR 3015[a]). Thus, the plaintiff's belated attempt to take advantage of its own potential breach of paragraph 22(b) to the prejudice of [Defendants], whose rights under RPAPL 1501(4) to discharge and cancellation of the mortgage have vested, must not be condoned (see Gerschel v. Christensen, 128 AD3d 455, 456, 9 N.Y.S.3d 216)." [*4]Everhome Mortgage Company v. Aber, 195 AD3d 682, 151 N.Y.S.3d 55 (2nd Dept 2021)."
As such, in the instant case, Defendant has satisfied his prima facie burden that the statute of limitations has run, and the burden shifts to the Plaintiff to produce evidentiary proof in admissible form establishing that a triable issue of material fact exists that the mortgage was never accelerated. See., Williams v. New York City Health & Hosps. Corp, 84 AD3d 1358, 923 N.Y.S.2d 908 (2011).
Plaintiff contends that the mortgage loan was timely deaccelerated through the deacceleration notices and subsequent communications with Defendant, as follows: the deacceleration notices mailed on September 19, 2016 were timely mailed more than six (6) months prior to the expiration of the Statute of Limitations period (not one day as contended by Defendant) as the statute of limitations period was extended by 199 days due to two (2) bankruptcy petitions filed by Defendants Julio Castillo and Diana Roman; that Ann Kennedy asserts in her affidavit that HSBC directed Rosicki, Rosicki & Associates ("RRA") to voluntarily discontinue the 2010 Foreclosure Action and mail the deacceleration notices as its agent; that Andrew Morganstern, Esq., as General Counsel of RRA, asserts in his affidavit that RRA mailed the deacceleration notices via regular and certified mail to Defendant and attaches copies of the business records, the deacceleration notices, and proof of mailing; that Defendant does not dispute the mailing of the deacceleration notices.
As to the purported deacceleration notice(s), Defendant contends that the deacceleration letter would not operate to revoke the acceleration under the law in place when that letter was sent because, by the concession of Andrew Morganstern in his affidavit accompanying Plaintiff's Motion, the deacceleration letter was sent by RRA, even though it was clothed with the letterhead of PHH; and that RRA had no apparent authority to revoke the acceleration of the mortgage. Defendant further contends that proof of authority must be given with said notice and same was not provided.
Prior to the enactment of the Foreclosure Abuse Prevention Act ("FAPA"), Plaintiff's evidence (i.e., the deacceleration letters), would be sufficient to raise a question of fact as to whether the action was timely commenced. See, US Bank v. Miele, 186 AD3d 526, 129 N.Y.S.3d 422 (2nd Dept 2020). However, FAPA amended and codified various statutes. As is relevant here, FAPA amended CPLR §203 by adding subdivision (h), which provides that "[o]nce a cause of action upon an instrument described in subdivision four of section two hundred thirteen of this article has accrued, no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute" (CPLR §203[h]). See, US Bank v. Miele, 80 Misc 3d 839, 197 N.Y.S.3d 656 (Sup. Ct. Westchester Cty 2023).
Although this action was commenced more than six years after commencement of the 2010 Foreclosure Action, the parties dispute whether the Statute of Limitations had expired or was tolled, whether FAPA should be given retroactive effect, and whether the retroactive application of FAPA is constitutional. If FAPA does not apply retroactively, then the Statute of Limitations may have been tolled by the deacceleration letters and this action may have been timely. If, on the other hand, FAPA applies retroactively, then this action is time-barred. If retroactive effect is given to FAPA and a substantial right of the parties is impacted, then the Court must analyze whether such retroactive application of FAPA is constitutional. See, US [*5]Bank v. Miele, 80 Misc 3d 839, 197 N.Y.S.3d 656 (Sup. Ct. Westchester Cty 2023).
FAPA is intended to be applied retroactively. As the Court (Eisenpress, J.), held in U.S. Bank National Association as Trustee for Credit Suisse First Boston Mortgage Securities Corp., SCMC Mortgage-Backed Pass-Thru Certificates, Series 2006-5 v. Leah Szoffer, et al (Rockland County Supreme Court, Index No. 031502/2023):
"Notably, Section 10 of FAPA states that it 'shall take effect immediately and shall apply to all actions commenced on an instrument described under subdivision four of section two hundred thirteen of the CPLR in which a final judgment of foreclosure and sale has not been entered.' By the plain language of the legislation, the Legislature clearly intended for the newly amended CPLR §3217(e) to apply to pending foreclosure actions, like the one here, where a judgment of foreclosure and sale has not yet been enforced. See U.S. Bank v. Williams, 80 Misc 3d 25A, 265, 195 N.Y.S.3d 392 (Sup Ct, Putnam County 2023). Likewise, a review of the sponsors' memoranda relative to the question of retroactivity make clear that they intended to have FAPA apply retroactively and immediately to all pending actions, and they note that the Act is remedial in nature."
While retroactivity is generally disfavored in the law, "courts will defer to the legislature when it creates retroactive legislation unless it reaches so far into the past or so unfairly as to constitute a deprivation of property without due process." Id., citing to Majewski v. Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584, 673 N.Y.S.2d 966 (1998). "Moreover, "[A]s the Supreme Court has stated, 'the constitutional impediments to retroactive civil legislation are now modest.' Absent a violation of a specific constitutional provision, 'the potential unfairness of retroactive civil legislation is not a sufficient reason for a court to fail to give a statute its intended scope' [internal citations omitted]". Id. citing to American Economy Ins. Co. v. State of New York, 30 NY3d 136, 149, 65 N.Y.S.3d 94 (2017). "Additionally, 'it is well settled that acts of the Legislature are entitled to a strong presumption of constitutionality." Id. citing to American Economy Ins. Co. v. State of New York, 30 NY3d 136, 149, 65 N.Y.S.3d 94 (2017).
At bar, relevant to FAPA, "[T]he Legislature had a rational legislative purpose and 'persuasive reason' for the 'potentially harsh' impact of retroactive application of [ ] FAPA — to prevent lenders and loan servicers from manipulating the statute of limitations and abusing the judicial foreclosure process, and ensure equal application of state laws to all litigants currently in foreclosure actions and related actions." US Bank Trust N.A. as Trustee v. Miele, 2023 N.Y.Slip Op. 23186, 2023 WL 4112924 (Sup Ct. Westchester County 2023).
While the Appellate Division has not explicitly held that FAPA is to be applied retroactively, the Second Department has certainly applied FAPA retroactively to actions in which a foreclosure and sale had yet to be enforced. See, for example, GMAT Legal Title Trust 2014-1 v. Kator, 213 AD3d 915, 916, 184 N.Y.S.3d 805 (2d Dept. 2023); MTGQ Investors, L.P. v. Singh, 216 AD3d 1087, 190 N.Y.S.3d (2d Dept. 2023); ARCPE 1, LLC v. Debrosse, 217 AD3d 999, 193 N.Y.S.3d 51 (2d Dept. 2023); and Bank of New York Mellon v. Stewart, 216 AD3d 720, 723, 190 N.Y.S.3d 80 (2d Dept. 2023). Thus, as the Second Department does apply FAPA retroactively, it stands to reason that this Court is empowered to, here, as well, and that there is no controlling determination that to do so at bar would be unconstitutional. Plaintiff's claims of unconstitutionality as a result of purported violations of due process and or the Contracts Clause fail as result of, inter alia, the Everhome Mortgage Company holding, supra.
Additionally, multiple trial level courts have determined that FAPA is to be applied retroactively. See, for example, Weininger v. Deutsche Bank Natl. Trust Co., 83 Misc 3d 1202(A), 210 NYS3d 923 (Sup. Ct. Westchester County 2024); Deutsche Bank National Trust Co. v. Dagrin, 79 Misc 3d 393, 190 N.Y.S.3d 582 (Sup Ct. Queens County 2023); HSBC Bank USA N.A. as Trustee of Ace Securities Corp. v. IPA Assett Mgt. LLC, 79 Misc 3d 821, 920 N.Y.S.3d 622 (Sup Ct. Suffolk County 2023); Nationstar Mortgage LLC v. Naar, 80 Misc 3d 1203(A), 194 N.Y.S.3d 922 (Sup. Ct. Westchester County 2023); Bayview Loan Servicing LLC v. Dalal, 2023 N.Y.Slip Op 23277, 2023 WL 5965824 (Sup Ct. Bronx County 2023); US Bank Trust N.A. as Trustee v. Miele, 2023 N.Y.Slip Op. 23186, 2023 WL 4112924 (Sup Ct. Westchester County 2023); Article 13 LLC v. Ponce De Leon Federal Bank, 2023 WL 5179626 (E.D.NY 2023); US Bank N.A. v. Williams, 80 Misc 3d 258, 195 N.Y.S.3d 392 (Sup Court Putnam County 2023); U.S. Bank National Association as Trustee for Credit Suisse First Boston Mortgage Securities Corp., SCMC Mortgage-Backed Pass-Thru Certificates, Series 2006-5 v. Leah Szoffer, et al (Rockland County Supreme Court, Index No. 031502/2023); Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 22007-4, Asset-Backed Certificates, Series 2007-4 v. Stephan L. Segall et al (Rockland County Supreme Court, Index No. 035642/2018); GITSIT Solutions, LLC v. Christopher Azcuy (Rockland County Supreme Court, Index Number 031081/2022).
The instant action was commenced more than six years after acceleration of the subject mortgage and FAPA is applied retroactively. Accordingly, Defendants are entitled to dismissal of the Complaint on the grounds that it is barred by the Statute of Limitations. Thus, the motion to dismiss is granted and Defendant's mortgage is discharged/expunged pursuant to RPAPL §1501(4) which states:
"Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or enforce a vendor's lien, has expired, an person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons, known or unknown, including one under disability as hereinafter specified, to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom; provided, however, that no such action shall be maintainable in any case where the mortgagee, holder of the vendor's lien, or the successor of either of them shall be in possession of the affected real property at the time of the commencement of the action. In any action brought under this section it shall be immaterial whether the debt upon which the mortgage or lien was based has, or has not, been paid; and also, whether the mortgage in question was. Or was not, given to secure a part of the purchase price."
Defendants have made the requisite showing, pursuant to RPAPL §1501(4), entitling them to a discharge/expungement of the subject mortgage. Further, since Defendants have prevailed on the merits herein and have pled a counterclaim for counsel fees pursuant to RPL §282, as reflected in their Amended Answer (NYSCEF Doc. No. 87), such relief is granted.
In light of the foregoing, it is hereby
ORDERED, that Motion Sequence No. 4 is GRANTED to the extent set forth herein and the Complaint is DISMISSED due to the expiration of the Statute of Limitations; and it is further
ORDERED, that Motion Sequence No. 3 is DENIED as academic in light of the determination in connection with Motion Sequence No. 4; and it is further
ORDERED AND ADJUDGED, that the subject mortgage on the property known as 17 Crescent Drive, Unit 65 a/k/a 17-65 Crescent Drive, Haverstraw, New York 10984 is hereby CANCELLED, DISCHARGED AND EXPUNGED OF RECORD and the County Clerk is directed to enter such cancellation, discharge and expungement, accordingly, in her records; and it is further
ORDERED, that an inquest as to Defendant's counsel fees will be conducted before the undersigned on October 24, 2024 at 9:15AM.
The foregoing constitutes the Decision & Order of this Court.
Dated: September 30, 2024
New City, New York
E N T E R:
HON. DAVID FRIED, A.J.S.C.
STATE OF NEW YORK
COUNTY OF ROCKLAND